PRENTICE and another *against* LADD.

One joint owner of a personal chattel cannot, either at common law or under the statute of this state, maintain replevin against another joint owner, for an amotion of the joint property, by virtue of a writ of attachment against a third person.

THIS was a writ of replevin, commanding the officer to cause to be replevied to the plaintiffs one undivided eighth part of the ship *Atlas,* lying in the harbour of *New-London,* together with her sails, rigging, cable and anchors, and cargo of oil and whalebone, attached at the suit of *William Ladd,* the present defendant, against *Shubael Gallup,* and by said *Ladd* unjustly detained. The defendant was also summoned to answer to the plaintiffs in a plea of trespass, wherein the plaintiffs complained of the taking of the goods and estate abovementioned, by attachment, and the detention thereof; averring, that they were, at the time of such taking, the proper goods and estate of the plaintiffs, and did not belong to said *Gallup ;* whereby the plaintiffs have been greatly injured, and suffered damage to the amount of 2000 dollars.

The defendant pleaded *Not guilty ;* and on this issue the cause was tried, at *Norwich, March* term, 1837, before *Williams,* Ch. J.

On the trial, the plaintiffs claimed to have proved the taking and detention of the ship, as stated in the declaration. The defendant claimed to have proved, that he was an owner of one eighth part of the ship ; and this fact was finally admitted, on the part of the plaintiffs. The Chief Justice thereupon charged the jury, that the parties being joint owners of the property, the plaintiffs could not recover, in this action, for the injury complained of, and directed a verdict for the defendant ; which was accordingly given. The plaintiffs moved for a new trial for a misdirection.

*Isham* and *Foster,* in support of the motion, admitting that one joint owner of personal property cannot maintain trespass against another joint owner, contended, 1. That this was an action of replevin, and not an action of trespass. These actions, though in some respects analogous, are dissimilar in their form and nature ; and the rules of law applicable to each are

*New-London,*
July, 1837.
———
Prentice
*v.*
Ladd.

as distinct and well marked as the actions themselves. Replevin is an action founded on right ; and the object of it is to recover possession of a personal chattel. *Bac. Abr. tit.* Replevin and Avowry. A. *Witham* v. *Barker*, *Yelv.* 147. *Lewes* v. *Bucknal, Cro. Eliz.* 799. Trespass lies to recover the value of a personal chattel, with reasonable damages for wrongfully taking it.

One joint tenant or tenant in common can maintain ejectment against his co-tenant, when he cannot maintain trespass. The same reason exists why replevin ought to lie, in respect to a personal chattel, when one part-owner denies the title of another part-owner, and keeps him out of possession, as that ejectment should lie for real estate, where the same things take place. The action of ejectment is more analogous to trespass than replevin is. Indeed, ejectment is called, in *Swift's Digest*, an action of trespass in ejectment.

2. That however the question may be at common law, it is put at rest, in this state, by express statute. *Stat.* 383, 4. *tit.* 80. *s.* 8. The fair and reasonable construction of this statute will enable the plaintiffs to maintain this action. An illustration of the effect of a statute involving an analogous principle, may be found in the case of *Bliss* v. *Bange,* 6 *Conn. Rep.* 78.

*Strong* and *Child*, contra, contended, 1. That one joint tenant of personal property cannot maintain *any* action against his co-tenant for taking it into his custody, there being no destruction of it, or any thing equivalent. 2 *Wms. Saund.* 47. *f.* 1 *Chitt. Plead.* 66. 155. 170. *Heath* v. *Hubbard,* 4 *East* 110. The reason is, that the defendant has as good a right to the possession of the property as the plaintiff ; and where there is no invasion or contravention of a right, no action will lie. Varying the form of action, in such case, has no effect.

2. That this is an action of trespass, commenced by a writ of replevin. The object is to recover *damages*, for the injury which the plaintiff has sustained, from the wrongful act of the defendant.

WILLIAMS, Ch. J. This was a writ of replevin, for one eighth part of the ship *Atlas,* which the plaintiffs aver the defendant, with force and arms, unlawfully took and carried away. The defendant claimed, and it was finally admitted, that the defendant was also a joint owner of one eighth part of

the same ship.    The court thereupon charged the jury, that *New-London,* July, 1837. the plaintiffs could not maintain this action ; and the defend- ant obtained a verdict.

Prentice *v.* Ladd.

Some question is now attempted to be raised, founded upon the peculiar state of the pleadings.    But as no question of that kind was raised in the court below, none such can be discussed here ; and the sole question for the consideration of this court, is, whether one joint owner of a ship can sustain a writ of replevin against his co-tenant, because he took the ship under colour of a writ of attachment.

That the action of trespass cannot be sustained, by one tenant in common against another, for an amotion of the joint property, has been too often settled to require the citation of authorities.    Indeed, before this court, it has been admitted.    But it is said, this is not trespass, but replevin ; and as in this suit, the plaintiff's right or title must be proved, a different rule prevails from that established in trespass.    How the fact that the plaintiff is required to prove more than he must in an action of trespass, will show, that the defendant must also, on his part, prove more, is not discerned.    Nor do we think, that the plaintiff has established his right, if the defendant proves an equal right.

The ancient form of writ shows the nature of the plaintiff's claim : " We command you, that justly and without delay, you cause to be replevied the cattle of $B$, which $D$ took and unjustly detains."    *Fitz. N. B.* 68.    If the cattle so taken are no more the cattle of $B$ than they are of $D$, upon what principle can the law take them out of the hands of $D$, and replace them in the hands of $B$ ?    If $D$ has right, by an interest equal to $B$, to retain them, how has $B$, by an equal interest, a right superior to $D$ ?    If each own an equal share, what principle will entitle $B$ to claim possession of the property, which will not also entitle him to damages ?    And the claim here is for damages, as well as possession ; and one must accompany the other. We see no common law principle, which will support this action, more than trespass or trover.    And those ancient authorities, which, it is admitted, are conclusive against those actions, are equally conclusive against this.    They are not confined to trespass or trover, but say there is *no remedy*.    Thus *Littleton* says : " If two be possessed of chattels personal in common, by divers titles, as of a horse, or ox, or cow ; if one takes the whole to himself out of the possession of the other, the other hath no

*New-London,* other remedie but to take this from him who hath done him
July, 1837. the wrong to occupy in common, &c. when he can see his
Prentice time, &c." *Litt. sect.* 223. And Lord *Coke,* commenting
*v.* thereon, says : " If one tenant in common take all the chattels
Ladd. personal, the other hath *no remedie by action,* but he may
take them again." *Co. Litt.* 200. *a.* And so far as we are
informed, whenever the question has been made, there has
been but one opinion, that one joint owner of a personal chat-
tel cannot maintain replevin against another joint owner, any
more than he could maintain trespass. *Rogers* v. *Arnold,* 12
*Wend.* 30. *McEldery* v. *Flanagan,* 1 *Harris & Gill* 322.

It is claimed, however, that our statute gives this remedy.
The first section of the statute authorizes a person whose goods
or chattels are impounded or distrained, to replevy them. The
5th section authorizes a defendant, whose goods are attached,
to replevy them ; and the 8th section permits a stranger to such
attachment, whose goods are attached, also to replevy them.
*Stat.* 442, 445. The statute gives the writ of replevin ; but
to make it effectual, the caption must be unlawful. But it
never could have been intended to affect rights not depending
upon such attachment. When the statute gives this writ to
one whose beasts are impounded, it does not mean to say, that
he can maintain it, if the beasts were lawfully impounded. Of
course, the party must be allowed to justify, by showing that
he had a lawful right to do the act. Suppose, then, one of two
persons, who own a horse jointly, impounds him ; would it be
seriously contended, he could be responsible in replevin ? So
the 8th section of the act gives to a stranger a right to replevy
his property taken by attachment " to answer to a charge for
unlawfully taking the same." The unlawful taking is the
gist of the complaint. The question then arises under the
statute, as well as at common law, had the defendant a right
to take this property ? Has one joint owner of a ship a right
to take her into his own possession ? The defendant in this
action does not shelter himself under his writ of attachment, as
the plaintiff seems to suppose, but goes back of that, and relies
upon his title as a joint and equal owner, and defends himself
by that title. And unless *Littleton* and *Coke* are entirely mis-
taken, his co-tenant has no remedy by action, but he may take
them again. And we do not see, that the statute has at all,
in this respect, varied the common law.

It was claimed, that if the plaintiffs and the defendant were joint owners of the ship, the defendant could not recover damages; and so this verdict could not be supported. It is enough to say to that objection, that it formed no part of the case; and if it had, as the plaintiffs had, by their own act, placed this defendant in this situation, trifling damages would not furnish ground for a new trial.

In this opinion the other Judges concurred.

New trial not to be granted.