## WETHERELL *vs.* SPENCER.

Notice of the existence of an unpaid prior mortgage of personal property destroys the preference which a second mortgagee would otherwise be entitled to claim, in consequence of the omission of the first mortgagee to *refile* his mortgage within the period prescribed by statute.

A subsequent mortgagee of the same chattel having notice of the prior incumbrance; *held,* not a subsequent mortgagee in *good faith* within the meaning of the statute.

The rule that a tenant in common of chattels, cannot maintain replevin against his co-tenant for the common property, applies to tenants in common of ships and vessels.

Replevin for the propeller Ogontz.

Case reserved from the Wayne Circuit.

At the hearing of this cause, several questions arising upon the facts found by the Circuit Court were elaborately argued by the respective counsel, and numerous authorities cited. But under the view taken by the Court, the determination of the cause mainly depended upon the fact, whether the employers of the defendant were tenants in common of the propeller with the plaintiffs. Said employers claiming a share in the vessel by virtue of a chattel mortgage, which had not been refiled within thirty days next preceding the expiration of one year from the time of its original filing, as required by the laws of Ohio (where the parties lived) to sustain its validity as against creditors, subsequent purchasers in good faith, &c. The facts bearing upon this question are given in the opinion of the Court, and as to which point,

*Backus, Harbaugh & Goodwin,* for plaintiff, cited Teaff *vs.* Hewitt, 1 Ohio State R. 515, 518, 543; Nitchie *vs.* Townsend, 2 Sand. S. C. R. 301.

*Van Dyke, Wilcox & Gray,* for defendant, cited Gregory *vs.* Thomas, 20 Wend. 17.

By the Court, DOUGLASS, J.

The plaintiff founds his right to recover upon a mortgage.

of the Ogontz, executed Dec. 18, 1848, by H. L. & C. W. Marsh, to himself and one Whitney, and an assignment to himself of Whitney's interest therein.

For the purpose of determining this case, we shall assume that the Marshes were the owners of seventeen-twentieths of the vessel at the time of the execution of this mortgage, and that when this action was instituted the mortgage was unpaid, and the condition thereof had been forfeited. Their only title to the remaining three-twentieths was derived through a conveyance from Reese, Kirby & Smith, which we shall have occasion to notice presently.

One of the several defences relied upon is, that when this action was brought, Walker, Darrow & Co. were the owners of this three-twentieths of the vessel, and that the defendant was in possession under them as Master. It appears that on the 29th of August, 1848, James W. Smith, James Kirby and Edward H. Reese, owned, each, one-twentieth of the Ogontz, and that H. L. & C. W. Marsh agreed with each of them for the purchase of his interest, for the sum of $500, and gave their negotiable promissory notes to each for the purchase money, and that on the same day, an instrument under seal was executed between the said Smith, Kirby & Reese, of the first part, and the said H. L. & C. W. Marsh, of the second part, by which the parties of the first part, each for himself, granted, bargained, sold, assigned, transferred and delivered, to the said parties of the second part, one-twentieth of the propeller Ogontz, &c., which conveyance contained the following proviso: "Provided, however, and these presents are subject to the following express conditions: Whereas, the said Henry L. and Calvin W. Marsh are indebted to the said vendors as follows:—To said E. H. Reese one note for $300, payable in 60 days, and one note for $200, payable May 24th, 1849; to said J. W. Smith one note for $500, payable May 24th, 1849 ; to said J. Kirby one note for $500, payable May 24th, 1849. Now, unless the said

Henry L. and Calvin W. Marsh shall duly and punctually pay the said notes as they respectively fall due, then these presents are void: otherwise to be in full force and virtue."

The note for $300, payable to E. H. Reese or order, was paid at maturity. The other notes are dishonored, and remain unpaid.

In the view we take of this case, it is unnecessary to determine whether this anomalous instrument was a simple conveyance upon condition the notes given for the purchase money were paid when due, as is claimed by the defendant, or whether, as the plaintiff insists, it had the two-fold effect of an unconditional conveyance of the title to the Marshes, and a mortgage by them to Smith, Kirby & Reese, to secure the purchase money. Perhaps, in view of the fact that it was executed by both the parties, and that negotiable paper was given for the purchase money, the latter is the better construction. In either view of the instrument, the legal title became absolute in Reese, Kirby & Smith, on the 24th of May, 1849, by the failure of the Marshes to pay the notes. Regarding it as a mortgage, but a mere equity of redemption remained in the Marshes, or persons claiming under them. The legal title which thus became vested in Reese, Kirby & Smith, they conveyed to Walker, Darrow & Co., by a bill of sale, executed May 10, 1850, at the same time endorsing to them the dishonored notes of the Marshes, and Walker, Darrow & Co. were in possession, by defendant, as their agent, when this suit was commenced.

But the plaintiff claims that if the conveyance of Aug. 29, 1848, was a mortgage, it had become void as against him by the failure of Reese, Kirby & Smith to comply with the provisions of the law of Ohio respecting the filing of chattel mortgages. Both this instrument, and also the mortgage under which the plaintiff claims, were executed in Ohio, where the Marshes resided from the beginning of the year 1848 to the spring of 1850. Both were duly filed pursuant

to the statute of that State; the former on the 27th Dec., 1848, the latter on the 19th of January, 1849. And the case finds that the plaintiff had knowledge of the existence and tenor of the former instrument, when the mortgage under which he claims was executed.

The 4th section of the Ohio statute concerning chattel mortgages, L. 1845–6, p. 61, (*see App. to Hill on mortgages,*) declares that every mortgage filed in accordance with the preceding sections, "shall be void as against the creditors of the persons making the same, or against subsequent purchasers or mortgagees in good faith, after the expiration of one year from the filing thereof, unless within thirty days next preceding the expiration of said term of one year, a true copy of such mortgage, &c., shall be again filed," &c. The plaintiff fully complied with the provisions of this section as to the mortgage under which he claims, but the instrument between Reese, Kirby & Smith and the Marshes was never refiled.

Now the plaintiff was a subsequent mortgagee of the same property, but having notice of the prior incumbrance he was not a subsequent mortgagee in *good faith*, within the meaning of the statute, which was merely designed *to* protect those who might otherwise be injured by the want of notice. There do not appear to be any reported decisions of the Courts of Ohio respecting the construction of this statute, but it is substantially like our own and the statute of New York; and the Supreme Court of the latter State expressly decided in Gregory *vs.* Thomas, 20 Wend. 17, that notice of an unpaid prior mortgage of personal property destroys the preference which a second mortgagee would otherwise be entitled to claim, in consequence of possession not accompanying the first transfer, and by reason of the neglect of the first mortgagee to refile his mortgage within the period prescribed by statute. We see no reason to dissent from this opinion.

If these views are correct, then even against the plaintiff, Walker, Darrow & Co., under whom the defendant was in

possession, were the owners of three-twentieths of the Ogontz. They were, therefore, tenants in common with the plaintiff in the vessel, if we concede that the plaintiff owned the remaining seventeen-twentieths. Now the rule is well established, that one tenant in common of personal property cannot maintain replevin against his co-tenant, and it has been frequently applied to tenants in common of ships as well as other chattels. (*Abb. on Sh.* 97, 100; *Prentice* vs. *Ladd*, 12 *Conn.* 331; *Wills* vs. *Noyes*, 12 *Pick. R.* 324; *Barnes* vs. *Bartlett*, 15 *Ib.* 71; *Rogers* vs. *Arnold*, 12 *Wend.* 30, 37.)

It must, therefore, be certified to the Circuit Court, that upon the facts found, Walker, Darrow & Co., under whom the defendant was in possession of the Ogontz as master when this action was commenced, were the owners of an undivided three-twentieths of the vessel, and that this fact is a valid defence to the action.¹ This conclusion renders it unnecessary to refer to the numerous other facts found in this case, or to determine the various questions arising thereon.