### ROGERS vs. ARNOLD and others.

*A plea of property* in the *defendant* or a *stranger*, &c. in the action of replevin must contain a traverse of the right of the plaintiff, and if issue be taken upon such plea, by replication, affirming the property to be in the plaintiff, the material inquiry for the jury is, *is the property in the plaintiff.*

If the plaintiff fail to establish *an exclusive right* to possess and control the property, the defendant is entitled to a verdict.

*It seems* a defendant will not be entitled to a judgment of return of the goods, by simply showing property in a *stranger;* he must connect himself with the title of the stranger, and thus establish a right paramount to that of the plaintiff, justifying the taking of the property out of his possession.

IT WAS HELD, in this case, that the plaintiff (in whom the jury found the property as to *part* of the goods, the *value* whereof was assessed at less than $50, and the *damages* at only six cents) was not entitled to recover more costs than damages, although the appraisal of the whole property replevied exceeded $50.

THIS was an action of replevin, tried at the Saratoga circuit in November, 1831, before the Hon. ESEK COWEN, one of the circuit judges.

The plaintiff declared for the taking of the mill-irons, or machinery of a saw-mill, being the goods and chattels of the plaintiff. The defendants severally pleaded *non cepit*, and also put in a number of special pleas, (sometimes all, and sometimes less than all uniting in a plea,) alleging property in the goods and chattels to be, 1. in themselves and one Earl Whitford, as tenants in common ; 2. in themselves as tenants in common with Earl Whitford and the plaintiff ; 3. in themselves ; 4. in themselves and the plaintiff as tenants in common ; and 5. in Foster Whitford, one of the defendants, each plea *traversing* the *property* in the goods, &c. to be in the plaintiff. To which pleas the plaintiff replied, re-affirming the property in the goods, &c. to be in himself. Upon these pleadings the cause was tried, and the following facts appeared. In January, 1831, mill-irons of the value of $131,62 were taken from a saw-mill in the possession of the plaintiff, by three of the defendants, (the others were subsequently shown to be connected with the transaction,) and the damages consequent upon the taking were shown to be $48. The

plaintiff claimed to be the owner of one half of the mill, the NEW-YORK, May, 1834.

Rogers
v.
Arnold.
title to one fourth was in a son of the plaintiff, who purchased
the same for his father, of one John Hart, and the remaining
fourth was claimed to be owned by Orson Whitford, one of
the defendants, who, in April, 1830, let his share of the mill
to the plaintiff for one year. On the part of the defendants
was produced in evidence a deed of a lot in the Saratoga pa-
tent from M. S. Miller to *Foster Whitford*, bearing date in
June, 1821 ; and it was proved that by virtue thereof *Foster
Whitford* took possession of the mill in question, and that in De-
cember, 1825, an agreement under seal was entered into between
*Foster Whitford* and the *plaintiff*, whereby Whitford covenan-
ted to execute a deed of an undivided half of the mill, with cer-
tain privileges thereunto appertaining, on payment of the sum
of $40, and that at the time of the execution of the agree-
ment, it was conceded that the whole title of the mill was in
*Foster Whitford.* The defendants also gave in evidence a
deed from Foster Whitford of a moiety of the mill to Earl Whit-
ford, who, in 1828, conveyed one fourth of the mill to O.
*Whitford*, one of the defendants ; also a deed from Foster
Whitford to O. Whitford, conveying one eighth of the mill, and
a deed from O. Whitford to *Foster Whitford, junior*, another
of the defendants, conveying one fourth of the mill ; which
last deed, bearing date in August, 1828, was subsequently
shown to have been ante-dated, it not having been executed
until November, 1831. The *plaintiff* thereupon exhibited a
deed from one *James Green* to himself, of the premises where-
on the saw-mill was situate, bearing date in 1808, and *offered
to prove* that previous to the execution of the last mentioned
deed, he (the plaintiff) Foster Whitford (one of the defend-
ants) and John Hart had jointly erected and been in posses-
sion of the saw-mill ; that it was agreed between them that
the plaintiff should obtain a deed of the premises from *Green,*
and on doing so convey to Whitford and Hart *each one fourth
of the mill,* and that on obtaining the deed, he accordingly ex-
ecuted conveyances to Whitford and Hart. The plaintiff
*further offered to prove* that the deed from Miller to Whitford,
exhibited on the part of the defendants, did not cover the
premises whereon the mill in question was erected, and that

NEW-YORK,  the mill and mill scite were not within the bounds of the *Sara-*
May, 1834.  *toga* patent, but were within the bounds of the patent of
Rogers     *Kayaderoseras :* which evidence so offered to be given was
v.         objected to by the defendants, on the ground that the plain-
Arnold.    tiff was estopped by the agreement of December, 1825, from
setting up title hostile to that of Foster Whitford ; and the ob-
jection was sustained.  Before the cause was submitted to the
jury, the plaintiff proved, that amongst the property taken from
the mill were four saws and a saw-set, not belonging to the
mill, but the *sole property* of the plaintiff, and that the value of
such property was $15,50.  The judge charged the jury that
they ought to find that the property in the goods, &c. (with
the exception of the four saws and saw-set) was not in the
plaintiff, to which charge the plaintiff excepted.  The jury
found, 1. That the defendants took the property ; 2. That as
to the four saws and saw-set, the property thereof was in the
plaintiff, and the value of the same was $15,50, and they as-
sessed the plaintiff's *damages* at six cents and his costs at six
cents.  And as to the residue of the goods, &c. the value of
which they assessed at $116,12, that the property of the same
was not in the plaintiff.  The cause came before the court on
a bill of exceptions, on a motion for a new trial.

*M. T. Reynolds,* for the plaintiff.

*J. Ellsworth,* for the defendants.

*By the Court,* NELSON, J.  It has been long settled in this
state that the possession of personal chattels by the plaintiff,
and an actual wrongful taking by the defendant are sufficient
to support replevin, and that it may be brought, where tres-
pass *de bonis asportatis* will lie.  7 Johns. Rep. 140.  17 id.
116.  1 Wendell, 109.  10 id. 322, 349.

By the 2 R. S. 522, § 1, it is also an appropriate remedy in
any case of a wrongful detention of personal property, and it
is now brought in many instances in the place of trespass and
trover.

As the pleading in this action is in some respects compli-
cated and peculiar, as given in the books, it may be useful to
examine some of its principles, and the cases adjudged on the

subject. The revised statutes have in some measure simpli-
fied the pleadings, p. 529, § 44. The form of pleading, how-
ever, as it existed heretofore, may be resorted to at the option
of the defendant.

The general issue of *non cepit*, in the case of a wrongful
taking, puts in issue not only *the taking*, but *the place* where
taken, if material, 2 R. S. 528, § 29 ; and in case of a wrong-
ful detention, the general issue, to wit, that the defendant
does not detain the goods, &c. puts in issue not only the de-
tention of the goods, but the *property* of the plaintiff. The
distinction here made between the effect and operation of
the general issue, in the cases of *non cepit* and *non detinet* is
in analogy to that existing in the actions of trespass and trover.
In the one the defendant cannot, under the plea of not guil-
ty, show property out of the plaintiff, but he may in the oth-
er. 11 Johns. R. 132, 528. 13 id. 284. 14 id. 132, 353. 15
id. 208. The reason of this distinction is, that the action of
*trespass* is founded upon the right of the plaintiff to the posses-
sion of the goods taken, and that of *trover* to the right of pro-
perty. It should be remembered, however, that possession is
*prima facie* evidence of right, and conclusive against all the
world, except the true owner, or one connecting his title with
him. This principle goes far to assimilate these two remedies
in practice. The distinction, however, still exists in regard to
the defence to be given in evidence under the general issue.

It is laid down generally, and in all the books on this
branch of the law, that the defendant in replevin may plead
property in himself, or in a stranger, in bar of the action,
and pray for a return and damages. So he may plead pro-
perty in himself and the plaintiff, or in a stranger and the
plaintiff, or if there are two plaintiffs, in one of them, &c.
All these different pleas are obviously founded upon the
principle applicable to this action, that the plaintiff, as in *tro-
ver*, must recover upon the strength of his title to, or property
in the goods in question, and in this respect there is a shade of
difference between this action and trespass. 2 Selw. 911. Gilb.
Rep. 119. 1 Chitty's Pl. 158, 159. Woodf. Landlord & Tenant,
473. Under the plea of *non cepit* we have seen the caption only is

NEW-YORK,
May, 1834.

Rogers
v.
Arnold.

put in issue, except the place, when material; and if the defendant intends to deny the property of the plaintiff, he must plead it, or give notice under the general issue. Now it is clear that all these different pleas of property in the defendant, &c. are used for the purpose, and to the end of showing it out of the plaintiff who holds the affirmative, and must sustain the allegation of property in himself; and what must be proved on one side, may be disproved on the other. *Non cepit* admits property in the plaintiff, and hence the necessity of the different pleas of property in others, to enable the defendant to contest it.

Baron Gilbert, in his Treatise on the Law of Relevin, p. 132, distinguishes between justifications which affirm, and those that disaffirm property in the plaintiff. Under the latter head, he ranges all pleas of property in the defendant, a stranger, &c. Property in the defendant, he says, is a good bar, because it avoids the injustice of the caption, which is the gist of the action, by showing he had a right to take it; and this not only abates the writ of the plaintiff, whereby deliverance was made to him, but destroys all his right to the property. Substantially, the same reasons are given for the plea of property in a stranger, though it has been well said elsewhere, that this plea is not founded upon very accurate reasoning. For the plaintiff being in possession of the goods at the time of the caption, which is admitted by the plea, it is difficult to see how the defendant shows a right to the return of the property taken on the replevin, by proving a title to it in a stranger. Upon this view of the case, the possession of the plaintiff would be left untouched, which, as we have already seen, is a sufficient ground, *prima facie*, to sustain the action. The doctrine of Baron Gilbert, that pleas of property put in by the defendant constitute a good defence to the action, because they disaffirm and disprove it out of the plaintiff, is sustained by all the authorities on this point. 1 Chitty's Pl. 158. 1 Ld. Raym. 217. 1 Salk. 94. 19 Vin. Replevin, c. a pl. 3, and note.

From the above view, it is obvious that the material fact in dispute, and substantial issue, raised on all pleas of property in replevin, is, *property in the plaintiff*. They all tend to deny

and disprove this, and are good and valid defences for that reason. All the replications, therefore, in this case very properly take issue alone upon that fact, and the rights of the parties must depend upon the determination of it, the plea of *non cepit* being out of the question. The above view also explains the reason why in pleas of property in the defendant or third person as the case may be, such fact must not only be alleged, but the defendant must also traverse property in the plaintiff. The title to the property stated in the plea is only by way of inducement to the traverse, or of "shewing cross matters, contrary to the allegation of the adverse party." Dyer, 365, pl. 33. 5 Bac. Pleas. & Pl. H., 379. 1 Chitty, 579. And the traverse becomes indispensable, because two affirmations, to wit, property in both plaintiff and defendant, cannot make an issue. 5 Bac. 383. 1 Chitty, 593, 4. Dyer, 312. The same rule, in other words, is laid down by Sergeant Williams, after an examination of the cases, 1 Saund. 22, n. 2. "Whenever any material fact is alleged in any pleading, which, if denied, will, upon issue joined, decide the cause one way or the other, if the adverse party plead *a matter inconsistent with, and contrary to such allegation, he must traverse it.* 5 Bac. 380, 383. The traverse in all these cases would seem to be matter of substance, and would be bad on demurrer ; but there are authorities to show that the adverse party may waive the advantage and go to the issue. This is founded upon the idea that the matter pleaded is so contrary to, and inconsistent with the plaintiff's allegation of property, that the finding for the defendant, under certain circumstances, may be deemed equivalent to a denial of it. 5 Bac. 380, 383. It is decided, however, in *Bemus* v. *Beekman*, 3 Wendell, 667, that under the plea of property, with a traverse and a replication affirming it in the plaintiff, the jury must find the issue thus joined for the plaintiff, to entitle him to the verdict ; and that finding against the truth of the plea alone is not sufficient, but defective in substance.

When we speak of property in the plaintiff or in the defendant in this action, it is material to understand what is meant by the term. From the language used in some of the

books, it might be inferred that the question between the parties involved the *absolute ownership* of it. The cases already referred to, showing under what circumstances this action will lie, negative this idea. Right to the possession and dominion of the goods and chattels for the time is all that is essential. This is the view which this court had of the question at an early day. 1 Johns. R. 380. It is conceded by the learned judge, who delivered the opinion in that case, that an interest of the plaintiff in the property which would have sustained trespass or replevin would have constituted a good replication to the plea of property in a stranger. Whether such an interest was not shown in that case, is a question upon which I should hesitate before I could come to the conclusion there arrived at.

The property, then, whether in the defendant or a third person, sufficient to sustain a defence, must be such as goes to destroy the *interest* of the plaintiff, which, if existing, would sustain the action or, in other words, such as would defeat an action of *trespass* if brought in place of this in case of a wrongful taking, or *trover* if brought for a wrongful detention. All that can be material for the plaintiff to maintain against the plea in bar is an interest in, or connection with the property, which would give to him the action of replevin as an appropriate remedy for a wrongful taking or detention.

I have already referred to the cases showing what interest in, and claim to the property a defendant in trespass or trover must show to defeat such action, and it is unnecessary to examine them. They are familiar, and, in my judgment, the principles of them are strongly applicable. They remove the apparent injustice supposed to be involved in the plea of property in a stranger, which, it is said, gives to the defendant a right to the return of the goods, on the ground that the plaintiff has no right to them, though the defendant shows none, because then he must not only show property in a stranger, but connect himself with it, and thereby establish a right paramount to that of the plaintiff, which will justify taking the property out of his possession. 13 Johns. R. 284. 11 id. 132. These cases expressly decide, that in the action of *trespass*, as

the possession of a chattel is *prima facie* evidence of right, a NEW-YORK, mere stranger could not deprive the party of that possession May, 1834. without showing some authority or right derived from the true owner to justify the taking. This sound and incontrovertible principle has also been extended to the action of *trover*, and we think is applicable to *this action*, and explains and confirms the position before taken, that, in a plea of property, the defendant must not only show title in himself or others, but he must also traverse or deny the right of the plaintiff, and that this is the material issue.

Rogers v. Arnold.

From the above view, the failure of the plaintiff in this case necessarily follows, putting it upon the ground he proposed, to wit, that he was tenant in common with Foster Whitford and J. Hart. Assuming this to be so, Foster Whitford conveyed his interest to Earl Whitford, and he to O. Whitford. Though Foster Whitford professed to convey to *Earl Whitford* a *moiety*, the *one fourth* passed by the deed, and the same from Earl Whitford to O. Whitford. At the time of the caption, then, O. Whitford was tenant in common with the plaintiff of one undivided fourth part of the saw mill. The plaintiff had an undivided half, and had possession. Now it is clear that he could not have supported *trespass quare clausum fregit* against O. Whitford for entering upon the premises, Coke on Littleton, 785, nor trespass for carrying away the property. Idem, 2 Caines, 166. 15 Johns. R. 179. 9 Wendell, 340. As against him, replevin would not lie, and he is therefore entitled to a return of the property, and the action necessarily fails as to the others. Shewing no right to take the property by replevin, and a return of it being inevitable, the plaintiff cannot of course sustain his claim against any one of the defendants.

It is a good plea in this action that the property is in the plaintiff and defendant or a stranger; and where there are two plaintiffs, that it is in one of them. Coke on Littleton, 340. 2 Selwyn, 923. Here it is shewn to be in the plaintiff and one of the defendants, which disproves the issues in the case that the plaintiff is the *exclsuive* owner. It is not material that the defendants should prove title to the

property as set forth in any one plea, as that is only induce-ment to the traverse of the plaintiff's title, as has before been shown, and need not be, and was not denied in the replica-tion. Upon the issues, the plaintiff was bound to prove and maintain an exclusive right to the possession and control of the property. This he has not done under any view of the evidence in the case, nor would such exclusive right have been established by the evidence rejected.

The jury found as to a portion of the goods, that the pro-perty therein was in the plaintiff, and that the value thereof was fifteen dollars and fifty cents, and a question was raised as to costs. The plaintiff in fact holds this property, and the revised statutes, 2 R. S. 530, § 48, provides for an assessment of the value of such goods, with a view to the question of costs under sec. 7, p. 614, which give no more costs than damages, unless the recovery exceeds fifty dollars. Dama-ges here, however, mean a recovery in this action, in addi-tion to the property taken on the writ for the unlawful cap-tion, and for that the plaintiff has recovered only six cents. The same section also provides that if it shall appear by the appraisal of the property replevied, which must mean the as-sessment of value, sec. 48, p. 530, that it was worth more than fifty dollars, and less than two hundred and fifty, the plaintiff shall recover at and after the rate of common pleas costs. The value of the goods, the property of which was found in the plaintiff, not amounting to fifty dollars in this case, the plaintiff can recover only six cents costs. He should have brought his suit in the common pleas. 2 R. S, 614, § 12.