## Case No. 17,072.
### WALKER v. HUNTER.
[5 Cranch, C. C. 462.] [1]

Circuit Court, District of Columbia. March Term, 1838.

REPLEVIN—NON PROS—VERDICT.

1. The court will not, in replevin, order a non pros at the motion of the defendant after the jury is sworn.

2. In replevin the plaintiff may recover according to the extent of his title proved.

3. Form of verdict when the plaintiff proves a title to a part only of the goods replevied.

Replevin; pleas, non cepit, and property in the defendant. The defendant [Alexander Hunter], as marshal of the District of Columbia, took the goods in execution as the property of Richard Ballard. The plaintiff [Dorcas Walker] claimed under a deed of trust to the plaintiff, dated June 19, 1834, to secure her about $900, due upon two promissory notes of the same date. By the terms of the deed, the property was to remain in the possession of Ballard, until the plaintiff should think proper to take possession of it to execute the trust.

After the jury was sworn, and the plaintiff had adduced her evidence, Mr. Morfit, for defendant, moved the court to order a non pros, because the plaintiff had shown title only to part of the goods replevied.

But THE COURT (THRUSTON, Circuit Judge, absent) refused.

Mr. Bradley, for plaintiff, contended that the plaintiff may recover as much of the property as he proves title to; and that the jury should in their verdict specify the property to which the plaintiff has made title, and the value thereof, and of the goods replevied, and assess the plaintiff's damages. Rogers v. Arnold, 12 Wend. 30; 2 Evans, Harr. 342. No. 152, and No. 153, for the form of the verdict.

The jury found the following verdict: "We do say that the property in the declaration mentioned was taken by the defendants; and we further say that, as to the goods and chattels in the declaration mentioned, except one

cane-seat rocking chair, two sets of castors, one work-stand, one side table, two foot-stools, and tray and snuffers, the property in them was in the plaintiff, as she hath alleged, and the value of the said goods and chattels is $413.75, and we assess her damages by occasion of the premises to the sum of ten dollars; and we further say the property of the said cane-seat rocking chair, two sets of castors, one work-stand, one side table, two foot-stools, and tray and snuffers, was not in the said plaintiff as she hath alleged, and the value of the same is seventeen dollars and fifty cents."

WALKER (JENKINS v.). See Case No. 7,-275.

## Case No. 17,073.
### WALKER v. JOHNSON.
[2 Cranch, C. C. 203.] [1]

Circuit Court, District of Columbia. June Term, 1820.

NOTES—ILLEGAL CONSIDERATION.

A note given for the assignment of the time of an apprentice, being for an illegal consideration, is void.

Assumpsit [by Joseph Walker against Joseph Johnson] on a promissory note, given in consideration of the assignment of the time of an apprentice.

Mr. Key, for defendant, contended that the assignment, being unlawful, was not a sufficient consideration to support the action upon the note.

Mr. Jones, contra, contended, that although the assignment was void, yet the defendant had enjoyed the services of the apprentice, and was bound in conscience to pay the note.

THE COURT (THRUSTON, Circuit Judge, contra) was of opinion that, the assignment being void, there was no consideration for the note.

See Act Md. 1793, c. 45, § 11, which authorizes an assignment of the time of an apprentice, for the benefit of the widow, upon the death of the master.