HoenbIiOWEB,, C. J.
This was an action of replevin for taking and detaining a sloop, the property of the plaintiff.
The defendant pleaded in bar, aetio non, because, the sloop at the time when &e., was the property of the defendant, and traversed the title of the plaintiff.
The plaintiff replied, preeludi non, because the sloop at the time when <&c., was not the property of the defendant; but of the plaintiff in manner and form as in his declaration he had before alleged : thus taking issue oii the traverse, and concluding to the country.
*340 On the trial, the plaintiff proceeded to prove his title, by parol and by documentary evidence, and rested.
The defendant then examined his witnesses, and gave some evidence, which went to prove, that the vessel belonged to him and the plaintiff, as tenants in common, and that each owned one equal half, and rested.
At this stage of the case, the judge decided, that the affirmative of the issue lay on the defendant, and that his counsel were entitled to the opening and reply before the jury.
The cause was then summed up in that order, and the judge charged the jury: “ First, That the plaintiff had shown by a bill of sale, that the vessel had been sold to him: ” But secondly, “ that no bill of sale was necessary to transfer title ” (from the plaintiff,) “ to the defendant Hunt; and that, if the jury believed, that there was an agreement between Hunt and Chambers, that Hunt should have part of the vessel, then he was entitled to their verdict.”
The jury found a verdict for the defendant.
1. One ground upon which a new trial is claimed, is that the plaintiff was deprived of his rights by the decision of the court giving the opening and reply to the defendant’s counsel in summing up the cause.
If the court erred in making that decision, still we ought not to grant a new trial, if upon the whole case, justice has been done : but in my opinion, there are more serious objections to the verdict: and I shall therefore, first state my reason-!, for dissenting from that decision of the judge.
It is a rule, founded in reason, and the nature of things, that the party holding the affirmative of an issue, must begin the proof, and is entitled to the opening and reply. Cooper v. Wakely, 3 Car. and Payne, 474; Hodges v. Holden, 3 Camp. R. 366; Doe v. Corbett, Id. 368; Jackson v. Hasketh, 2 Stark. R. 518; Revett v. Braham, 4 T. R. 497; Bedell v. Russell, Ryan and Mood. 293; Cotton v. James, 3 Carr, and Payne, 505. Indeed I do not know an exception to the rule, and it is the same in replevin, as in other actions. It is so laid down by Mr. Chitty in his general practice tit. Rep.; by Bailey, Justice, in 2 Stark. R. 518; by Lord Tenterdon, C. J. in Curtis v. Wheeler, 4 Carr, and Payne, *341 196; so too in Williams v. Thomas, Id. 234; Rogers v. Arnold, 12 Wend. R. 30, and Marsh v. Pier, 4 Ramie’s R. 273, 283.
I have cited these cases, for the sake of reference; not because I suppose the learned judge, before whom the cause was tried, was ignorant of the rule which gives the opening and reply to the party holding the affirmative. His error lay in supposing, that in this case the defendant held the affirmative side of the issue.
Some embarrassment has arisen on this point, from denominating the plea in this case, a special plea in bar. It is not such, correctly speaking. A special plea in bar, admits and avoids. It admits all the material allegations in the declaration, and then avoids them, by setting up, affirmatively, some new matter consistent with those allegations, but taking away the plaintiff’s right to recover. Hence, upon a replication denying such new matter and concluding to the country, the proof invariably lies on the defendant. Infancy, coverture, payment, accord and satisfaction, or a release, are all familiar instances of a special plea in bar. Such pleas, admit the facts stated in the declaration, and consequently, the matter pleaded in bar, being new and affirmative matter, must, if it is denied by the replication, be proved by the defendant, as pleaded.
But the plea in replevin, of property in the defendant, or in a third person, and not in the plaintiff, is not an affirmative plea : it admits nothing: it does not even admit the taking; Marsh v. Pier, 4, Rawle’s R. 273, 283; Gilb. on Rep. 127. Such a plea is wholly negative in its character : it denies the plaintiff’s title and takes away his right to a deliverance: it necessarily compels the plaintiff to re-affirm his title, and consequently to prove it on the trial. Still it is argued, that as replevin pre-supposes, and is founded on a tortious taking by the defendant, out of the possession of the plaintiff; and such possession being prima facie evidence of title, the defendant ought to justify his taking, by proving that he had a right to do so, and not throw the onus upon the plaintiff. But this argument results from a mistaken view of the nature of the action of replevin. We are apt to forget its peculiar character and object, and to confound it with the more common actions of trespass and trover. It is true the action pre-supposes a tortious taking out of the plaintiff’s possession *342 and the declaration so charges : but it does not follow, that such was the fact; and we must not assume that it was so, and then throw the burden of proof on the defendant to clear himself. It may not be true, that the plaintiff ever had the property in his possession, or that the defendant ever took it from him, and yet the plaintiff by his writ has taken it away from the defendant and brought him into court to answer for the alleged toi’-t. We must not forget, in reasoning upon this action, that it differs from all others in some material points. The plaintiff, ex mero motu, sues out his writ; he takes the law as it were, into his own hands, strips the defendant of the property and is immediately put into possession of it, before any trial and at the very commencement of the suit. 5 Dane Abr. Amer. Law, 514, 515, sec. 2. The plaintiff ought therefore, to have a clear case and be able to maintain his right. It may be that the article replevied was never taken by the defendant out of the plaintiff’s possession, and that the plaintiff never had any right to, nor possession of it. What then is the defendant to do ? If he merely pleads, non cepit, he abandons his title. He must therefore, if he means to insist upon his right and reclaim his property, not only plead, non eepii, but put in a plea denying the plaintiff’s title. But it is supposed that such plea admits the taking; and hence it is argued, that the defendant ought to justify his'having done so by proving property in himself. It is a mistake however, (as appears by the books I have already cited,) to suppose that a plea denying the plaintiff’s title, is an admission-by the defendant, that he took it out of the plaintiff’s possession as stated in the declaration. It is an admission of it, so far as to relieve the plaintiff upon that issue from the necessity of proving it. But so far from its being an'admisssion, that the plaintiff ever had possession of the goods and that defendant took them away from him before action brought, it is competent for the defendant, under a plea denying the plaintiff’s title, to prove, that the plaintiff never had any possession of them whatever. And why should it be otherwise ? Why should the law upon the mere allegation of the plaintiff, of a wrong done him, strip the defendant of his property, perhaps of great value, and of which the plaintiff never had any sort of possession ; put it into the hands of the plaintiff; and tell him he may keep it, until the defendant can prove a right to have it re *343 turned to him ? But the law is not guilty of such injustice ; it compels the plaintiff to give security to establish his right, orto return the goods: and upon a plea denying his title, he must show that, at the time of suing out Ms writ, he had such a general or special property in the goods, as entitled him to the possession of them as against the defendant. A mere naked possessory right, without any title to, or right of possession of the property, at the time of suing out the writ, will not maintain replevin, if the plaintiff's title or right of exclusive possession is put in issue by the defendant's plea. This is the language of all the books. Templeman v. Case, 10 Mod. 25; Co. Litt. 145, b.; Freeman v. Jugg, 2 Salk. 307; Parker v. Meller, 1 Ld. Raym. 217; Bro. Repl.pl. 8, 20; 1 Flowd. 281; Presgrave v. Saunders, 1 Salk. 5; Bul. N. P. 52, 53; 1 Chitt. pl. 158; 2 Selw. N. P. (4th Amer. from, 2d Lond, ed.) 364, and cases there cited; Gordon v. Harper, 7 T. R. 9; Wyman v. Dorr, 3 Greenl. R. 183; Wheeler v. Train, 3 Pick. R. 255; Waterman v. Robinson, 5 Mass. R. 303; Perley v. Foster, 9 Id. 1, 2; Ludden v. Leavitt, Id. 104; Warren v. Leland, Id. 265; Marsh v. Pier, Rawle’s R. 273, 283; Clemson v. Davidson, 5 Binn. R. 392.
Hence it is, that several persons, having separate and distinct interests in the property, cannot join in replevin ; though joint-tenants, tenants in common and co-parceners, may. And for the same reason, it is a good plea in abatement or in bar, to say, the property is in the plaintiff and the defendant: or in the plaintiff and a stranger; or if there be two or more plaintiffs, that it is in one of them : but each of these pleas, must specially traverse, by einon or absque hoc, that the property is in the plaintiff, in manner and form &c, Co. Litt. 145, b.; Cro Eliz. 350; Bull. N. P. 53, and oases above cited. In Harrison v. McIntoch, 1 Johns. R. 380, Kent, C. J. says, a plea of property in a stranger, is a good plea in abatement or bar, and entitles the defendant to a return, without an avowry. 2 Lev. 92; 1 Salk. 94. In Hart v. Fitzgerald, 2 Mass. R. 509, Parsons, C. J. says, replevin is founded in a general or special property in the plaintiff, and all the part owners must join in the action. S. P. in The Presid. &c. v. Storrs, 6 Mass. R. 425; Gardner v. Dutch, 9 Id. 427, and by Story, Justice, in 4 Mason’s U. S. R. 515, 538.
I have already explained myself to mean by property in the *344 plaintiff, not an absolute ownership. A right to the possession and dominion of the goods, at the time of commencing the action, is no doubt sufficient. It was so held by Nelson, Justice, in Rogers v. Arnold, 12 Wend. 30, 35; in Harrison v. McIntosh, 1 Johns. R. 380; Smith v. Williamson, 1 Harr, and Johns. (Maryland R.) 147; Mead v. Kelday, 2 Watts, (Pennsylvania R.) 110, and in Harris v. Smith, 3 Serg. and Rawle, 20. But the plaintiff must have such ownership, or exclusive right to the possession at the time of commencing his suit. That he had.a right to the use and possession of the chattel, when the defendant took it away from him, is not sufficient. If a man unlawfully and forcibly took from me, a chattel, a month ago, I may have trespass or trover against him now, although my right to the possession has since terminated. But I cannot in such case, maintain replevin ; for by the very first step in that action, I retake the property into my own possession, which certainly I have no right to do, if my title to it, or to the use and enjoyment of it has ceased. To illustrate my meaning: Suppose I hire beasts of the plough for six months — before the expiration of the time, the owner of them unlawfully takes them away from me. In such case I may maintain trespass or trover against him, although the six months may have elapsed, before I commenced my action : but I cannot have replevin, because my right to the possession othe property, has terminated.
This shows, that the action of replevin, at the common law, is not brought to recover damages for a mere wrongful taking or conversion; but that it is a proceeding in rem, to recover the possession of specific chattels, and is founded in a right of property or possession, general or special, existing in the plaintiff at the time of suing out his writ.
If then the plaintiff must have such property or right of possession of the goods, when his title is called in question, by whom is it to be proved ? Most certainly by the plaintiff; the affirmative lies on him, and he must recover upon the strength of his own title : he has already by his writ taken the property away from the defendant, and he must justify his doing so. But how can the defendant put him to such proof? I can conceive of no other mode, than by asserting title in himself or in some other person, and traversing or denying the plaintiff’s property in the *345 goods. The books furnish us with no other form of pleading for that purpose. A simple assertion of property in the defendant, would be a bad plea. It would be merely setting up one affirmative against another, and constitute no issue. But by pleading property in himself, or in another with a special traverse denying property in the plaintiff, he compels the plaintiff, by the rules of pleading, to take issue on that traverse, by re-affirming title in himself, and concluding to the country. This is not only the good sense and justice of the case, but the uniform doctrine of the books; and this issue puts the onus on the plaintiff. If he fails to establish such a right to or title in the property as to justify his taking and retaining it, he must fail in the action ; and in such case the jury are to render a general verdict for the defendant. They are not to find the property to be in the defendant or in the person or persons, in whom by his plea he has alleged it to be. It is not enough, if the jury do not find the property to be in the plaintiff. For the great inquiry upon this issue, is the right of the plaintiff to the property in question; and therefore the plaintiff can never upon such an issue, have judgment unless the jury find the property to be in him.
In accordance with this view of the law, Mr. Justice Washington, in the United States v. Kennan, Peters Cir. Ct. R. 168, directed the jury to find a general verdict for the defendant, because the plaintiffs had failed to prove property in themselves. So too in Bemas v. Beekman, 3 Wend. R. 667, the defendant pleaded first, property in himself; second, property in one W. M. and third, property in himself and the plaintiff, and in each plea traversed property in the plaintiff. The plaintiff replied to each plea, predudi non, because the property was in himself in manner and form as ho had before in his declaration alleged, and concluded to the country. The jury, as to the first plea found, that the property was not in the defendant; as to the second, that it was not in W. M.; and as to the third, that it was not in the plaintiff and defendant. But by the unanimous opinion of the court of Errors of the State of New York, it was held, that the plaintiff could have no judgment on this verdict; because the jury had not found the property to be in the plaintiff, without which, the court said, upon these issues, he could not recover. The Chancellor, in delivering his opinion said, “if the defend *346 ant means to'contest the plaintiff’s right to the property, he must deny it directly by a special plea, or a formal traverse as was done in this case.” “ The allegation, that the property belongs to the defendant, is called inducement to the traverse: and issue cannot be taken on that allegation; Lady Chiehley v. Thompson, Cro. Car. 104. It is but a substitute for an avowry to obtain a return of the property. The replications took issue on the only allegation in the pleas which was traversable. The question presented to the jury, on each of- those issues, was whether the goods were the property of the plaintiff. The jury have found, that they did not belong to the defendant; nor to W; M.; nor to the plaintiff and defendant jointly ; but it does not follow from this, that they belonged to the plaintiff. The finding may be true, and yet the title might be in some person other than the plaintiff.”
Such a decision is utterly inconsistent with the notion; that upon those issues, the onus lay upon the defendant. If it did, the plaintiff ought to have had judgment without any regard to the question whether he had title or not. So too in Arnold v. Rogers, 12 Wend. 30, the same doctrine was held; and it was reiterated, in Prosser et al. v. Woodward, in 21 Wend. R. 205. In Sprague et al. v. Kneeland, 12 Wend. 161, upon a like issue, the jury found, that the defendant took and unjustly detained the goods; but the judgment was reversed, because the jury had not found, that the property belonged to the plaintiff. In Clemson v. Davidson, 5 Binn. R., Tilghman, C. J. said, that upon a plea of property in the defendant, the plaintiff must prove property in himself.
In Marsh v. Pier, 4 Rawle’s R. 273, 283, upon just such an issue as this, the error assigned was, that the court below, refused to permit the defendant to open and conclude the argument to the jury. But the court, although they speak of the plea as an affirmative one, which usually throws upon the defendant the onus probandi, say “ the plea of property in the defendant in replevin does not produce that effect. The plaintiff must, notwithstanding, first prove that he has a right to maintain his writ "of replevin, by showing that he has either an absolute or special property in himself.” The court then remark, that in this respect replevin is different from trespass, which may be supported by *347 him who has only a naked possession against any one who. has no right; Waterman v. Johnson, 5 Mass. R. 303; and hence, it is added, that property in a stranger is pleadable in bar or abatement: citing, Salk 5; Id. 94; Id. Raym. 984; Cro. Jac. 519; Carth. 243; 6 Mod. 69, 81, 103; 2 Lev. 92; 1 Vent. 249; Gilb. on Rep. 127, 128.
I have extended this discussion much further perhaps, than was necessary. But the frequent occurrence of late years, of this species of action, and my own want of familiarity with it has induced me to extend my researches, in the hope that it would be useful hereafter to myself if not to the bar generally; The result is, that in my opinion the judge erred in ruling, that the defendant was entitled to the opening and reply.
For this cause however, I would not disturb the verdict, if it clearly appeared' that justice had been done. But I think there was error in the charge. The jury were instructed, that if they believed, there was “an agreement” between the parlies, that Hunt should have part of the vessel, the defendant was entitled to their verdict. An unexecuted agreement would not give the defendant a legal title to any part of the vessel: and a mere equitable title out of the plaintiff would not defeat his recovery at law; whereas, under the charge of the court, the jury may have found a verdict for the defendant, merely because they believed there was an agreement, that upon payment by Hunt of one half of the purchase money, he was to have one half of the vessel’; without stopping to enquire, whether the money had been paid or tendered by Hunt to Chambers, and about which there was some dispute at the trial.
I think too, the jury ought to have been told, that if Hunt had paid for one half the vessel, yet if it was true’as contended by the plaintiff, that Hunt procured the bill of sale to be made to him for the purpose of keeping Hunt’s interest in the vessel, out of the reach of his creditors, that however void such bill of sale might, be as against those creditors, he Hunt could not now deny the plaintiff’s title as against him.
For those reasons, I am of opinion that the verdict ought to bo set aside and a new trial granted.
*348 Ford, J.*
In this action of replevin, tried before Mr. Justice Dayton, at the Mercer Circuit, the jury rendered a verdict, not in the terms of the issue; but succinctly; “ we find for the defendant.” The pleadings and facts appeared, on the argument of the rule to show cause why the verdict should not be set aside, to be as follows:
The plaintiff declared, that at such a time and place, a certain sloop of his, was unlawfully taken away from him, and detained by the defendant. To which declaration the defendant pleaded, that at the time when, &c. the said sloop was the property of him the defendant; and not of the plaintiff. To this plea the plaintiff replied, that the said sloop, then and there, was the property of him the plaintiff, and not of the defendant; and this he prayed might be enquired of by the country, and the defendant did the like.
On the trial of the cause, the plaintiff proved a bill of sale made for the whole sloop to himself; and that he paid the whole consideration; whereupon he rested his evidence. The defendant then proved, that he and the plaintiff being in treaty to purchase the sloop as partners, they agreed for the plaintiff to purchase and pay for it, lest if the defendant held any share therein, it might be seized by his creditors; and that a moiety should be transferred to the defendant, when he should afterwards pay half the consideration to the plaintiff. That the defendant sailed the vessel, as plaintiff’s property, for a share of her earnings, for some time, till his circumstances became easier, when as he alleged, he paid one half of the consideration to the plaintiff, by appropriating to him small outstanding moneys which he accepted in part; but chiefly by a draft for a large sum, for the balance. The plaintiff admitted his receiving the money on the draft; but alleged it was paid to, and received by him, on other accounts between them, and not on account of purchase money for the sloop. But the jury being satisfied that those moneys were paid and received on account of the sloop, and that a moiety of it belonged to the defendant, under a contract executed on his part, “ found for the defendant,” as before stated.
The plaintiff had opened this cause to the court and jury with *349 out any objection being made to it at the trial; but after the evidence was closed, the defendant insisted, that he was entitled to have the reply before the jury, as the affirmative lay on him, by a plea that the title of the sloop was in himself, and he had to make it out or fail in justifying the admitted seizure. Of this opinion, after argument, was the learned judge, and he granted the reply to the defendant. No authorities need be cited in support of a principle so self evident, and so universally admitted to be true, as that the party holding the affirmative side of an issue, is entitled to the opening and reply. But which party held the affirmative, in these pleadings, was greatly contested at the bar; it being a point on which the cause altogether turns. For if the defendant did not proves the title of the whole sloop to be in himself as in his plea he affirmed, in justification of the seizure, and bar of the action, he failed to maintain both his justification and bar, and the jury should have found for the plaintiff. On the other hand, the affirmative, it is said, lay on the plaintiff, who, by his replication, affirmed the sloop to be his property, and prayed it might be enquired of by the country. But it is easy to misunderstand a special traverse, wherein each party pleads both affirmatively and negatively. The plaintiff affirms, that the property was his, and denies that it was the defendant’s; so also the defendant affirms, that the property was his, and denies it was the plaintiff’s. Such double pleas, however, form only one issue, in which both parties cannot hold the affirmative; for two affirmatives make no issue. Nor can both parties hold the negative; because two negatives make no issue. One party must be considered in law as holding the affirmative, and the other party as holding the negative, in double pleas eliciting a special traverse; otherwise there would be no issue for the country to try; and that party who tenders a special traverse, is considered in law as holding the affirmative; because a special traverse is always connected with a preceding affirmative, constituting the substance of the same plea; without which a special traverse cannot exist; for it immediately becomes a common traverse. Thus if the defendant’s plea had simply denied the sloop to be the plaintiff’s property, it would have been a common traverse; and must have concluded immediately to the country; Gould’s Pleading, 380, sec. 11; but then the defendant could have had no return *350 of the property; because he made no title to it in his plea; therefore he was obliged to affirm title in himself; but as his affirmative, and that of the plaintiff, made together no issue, he was obliged to tender a formal traverse of his adversary’s title; not to strengthen the title set up in himself; but for the sole purpose •of forming an issue; whereby his plea became what the law calls technically a special traverse; which is neither unusual in itself, nor peculiar to the action of replevin. The definition of it, in the books, is very full, and its legal properties are so faithfully unfolded, as to be understood without any mistake. As it always advances some new matter, sufficient in law to bar the plaintiff’s action, it becomes a special plea in bar ; which, if not admitted to be true, is universally to be proved by the party advancing such matter as a special bar; therefore, when the defendant pleads this new matter, that the sloop was his own property, and he had a lawful right to take it; and sets up this right, in a special plea in bar, the rule of law requires -him, so imperiously, to prove the matter of the bar, that there is no way of escape from it, but by denying a special traverse to be a special plea in bar ; because it does not confess every material allegation in the declaration, and then avoid them. This assumes a special plea in bar to be of a broader nature than the books will any way warrant. Lord Coke says, “ It is called a special plea in bar, if it barreth the plaintiff’s action.” 1 Inst. 303, b. Now if the sloop was the defendant’s own property, it bars the plaintiff’s action totally. Again, Blackstone says, “aspecial plea in bar always advances some new fact, not mentioned in the declaration ; which new fact must be averred to be true;” 3 Bl. Com. 308. Again, by Chitty, every special plea in bar states circumstances which excuse the fact;.it must therefore admit the fact.” 1 Chit. PI. 455. Now the taking, carrying away, and'detention of the sloop, form the gist of the action; which are all admitted, and then excused, by showing a lawful right to take and detain it &c. Again, from Baron Gilbert, “A justification (which is always'a special plea in bar) confesses the caption, and avoids the injustice of it.” Qilbert.on Bepl.178. So a special traverse confesses the caption and avoids the injustice of it, by a hew faot not mentioned in the declaration, and thus it becomes a special plea in bar. It admits every fact in the declaration, but one, and that one it avoids by *351 new matter. Perhaps the best definition is that collected from JBaoon, Salkeld, and Wilson, Gould’s Plead. 343 sec. 72. “ It admits the truth of all the plaintiff’s traversible allegations which it does not traverse, and goes in avoidance of what it admits.” A plea in bar may deny a material fact in the declaration, by advancing new matter to the" contrary of that fact. Infancy to a bond, confesses the signing, sealing and delivering of the instrument, but denies the alleged validity of it as a deed, by pleading the new fact of infancy. It is the same with coverture. So duress admits the signing, sealing and delivery, but denies its being, as the declaration imports, voluntarily made, by reason of fear, force and constraint: and are not infancy, coverture and duress special pleas in bar ? This very plea of property in the defendant, with a special traverse, is given in Gilbert on Replevin, and by other authors treating of it, by the very mime of a special plea in bar. Then it must be proved by the party pleading it, according to the most settled rule of law; and if this conclusion can be in no way escaped, but by denying a special traverse to be a special plea in bar of the action, the conclusion still remains in full strength, that the party advancing new matter, in a plea with a special traverse, is bound to prove such new matter, if it goes to bar the plaintiff’s action, or else to abandon his bar.
The argument stands on the opposite side as follows: The plaintiff, in the declaration, affirms the property is his; the defendant, in the plea, denies that assertion, arid forms the negative side of an issue: the plaintiff then re-affirms that the property is his, and thereby constitutes the affirmative side of the issue, which is to be proved by the affirming plaintiff, not by the denying defendant. Now this argument assumes the plaintiff’s replication as being affirmative only: and leaves out the denying part of it altogether; in order to make him an affirming plaintiff only, when such is not the fact. This error in the premises vitiates the conclusion. But there is another error in the premises, of equal magnitude ; it assumes the defendant’s plea as being negative only, and leaves out the affirming part of it altogether, in order to make him a denying defendant only. An argument founded on such a garbling of the pleadings, is good for nothing; it is mere sophistry. The pleadings must be taken, not as they are not; but as they are. Each party affirms and denies *352 alike, on his part; and this constitutes what in law is called a technical special traverse ; being an affirmative and negative following it, in the same breath or sentence; which negative or traverse, is a mere repetition of the preceding affirmative, in difent words, but of the same sense and effect; being a mere tautology, in order to produce an issue in subordination to the affirmative with which it is connected in the same sentence: which affirmative is the essence and substance of the plea. The defendant’s plea, reduced to the shortest terms is this : “ The sloop is mine — therefore it is not yo.urs.” If the first affirmative part, be true, the last or traverse part must be true, also; so unquestionably true that the law will infer it as a necessary consequence ; for if the sloop be the defendant’s property, it cannot, by any possibility, be the plaintiff’s. A common traverse, like non assumpsit', or not guilty, stands of itself, independently, without any prop or support to lean on; but a special traverse cannot be created to stand by itself; it is a mere parasite, depending on the affirmative connected with it, for support; and the plaintiff’s error lies in overlooking this affirmative or main pillar of the’ plea, and forming his premises out of the feeble ivy entwined around it.
The books calling it a special traverse, describes all its parts, and their dependence on each other. Gould says, “ A special traverse is one preceded by introductory affirmative matter, called the inducement to the traverse.” Gould’s Pl. 377, sec. 4. He says, “ The special traverse begins with the words absque hoc, or et non.” Id. 377, sec. 6, 8. The introductory affirmative matter, in the plea before us, is in these words : “ The defendant says, that the sloop, at the time when &c. was the property of him the defendant.” The special traverse following it, is in these words: “ And not the property of the plaintiff.” The governing principle, never to be out of sight in such a plea, is laid down to be this: “ The traverse is but an inference from the inducement;” Gould’s Pl. 410, see. 55. It falls spontaneously from the inducement, as necessarily as a shadow from an object in the sun; it being in fact an inference of law, that if the sloop be the property of the defendant, it can by no possibility be the property of the plaintiff; so that the traverse of the plaintiff’s right is a mere tautology, or repetition of the preceding affir *353 mative, in the same sense, though in different words. This negative or traverse is maintained by proof of the affirmative to which it is coupled; just as proof that the sun shines in a clear sky, is proof that it is not night. The only question that can possibly arise is, whether the inducement is to be proved at all; or whether it is a mere sham, for swelling up the size and volume of the plea. Now the books plainly require the inducement to be proved. Gould is express and very direct on this point. “ The inducement discloses the particular grounds or facts on which the traverse is founded, and by which it is to be maintained on proof.” Gould, 417 sec. 68. He says the traverse is to be maintained: he also tells how it is to be done; by proof of the grounds or facts in the inducement on which it is founded. Who, in the face of all this, will say, that the defendant is not the party to maintain his special traverse; nor the facts, whereon it is founded, to be proved at all.
The owner of goods has a lawful right to seize them wherever he can find them. 3 Bl. Com. 4, and neither replevin, nor other civil action will lie against him for it; if he do it by force, he may be indicted and convicted for breach of the peace ; but ho will still hold his goods. If sued in replevin for taking them,, he may plead that they were his own property, and it will bar the action. Gilb. on Repl. 178; 2 Lord. Raym. 984; Bull. N. P. 170; 1 Chit. Pl. 386; 12 Wend. 33. The form of such plea, with a special traverse, as in this case, has been established for ages, and is the only form to be found in the books. Gilb. on Repl. 302, 304; Lil. Ent. 354, 357; 6 Instr. Cler. 533, 535, 536; 3 Chit. Pl. 1044, and every other book within my reach. This defendant being sued for seizing a sloop, admits the fact of seizing, and then justifies it by pleading, that the vessel was his own property ; and it is a good justification if true; but on the trial he would excuse himself from proving it true, under a pretence, that his right stands admitted in the plaintiff’s replication by not being denied; he the plaintiff having passed it by, and made another issue, wherein he affirms the property to be in himself; which affirmative he is bound to prove. Now every, branch of this pretence is fallacious. So far from passing by his averment of property, it is denied in the very form prescribed by law for making such denial. It was not allowable for the plaintiff to *354 traverse a plea that tendered him a traverse; if he had done so he might have been turned out of court in a moment: for “There cannot be a traverse upon a traverse : otherwise the parties might alternately tender traverses to each other in unlimited succession without coming to an issue; and it is a general rule, that a traverse well tendered on one side, •must be accepted on the other.” Gould’s Plead. 400, seo. 42. Then as the plaintiff was compelled to join in the traverse tendered to him; in what manner was he to deny the inducement? The same author describes the legal manner of doing it; he says, “Joining in the traverse necessarily involves a denial of the matter alleged in the inducement.” Gould, 410, sec. 55. This is the form prescribed by law for denying the inducement; it is by joining in the traverse; and is adopted for two substantial reasons : to avoid a traverse upon a traverse; and to obtain an issue. A denial of the inducement in this form, is a denial of it in the very form prescribed by law. Therefore a greater fallacy can hardly be advanced, than that the inducement in the defendant’s plea is passed over without being denied. It was denied; and therefore the defendant was bound to prove it, or relinquish the title therein asserted, on which alone his justification of the seizure is founded.
Equally fallacious is the other pretence, that the plaintiff has joined in the special traverse and made an issue affirming title in himself, and thereby relieved the defendant from maintaining his plea; whereas the defendant’s title is not confessed by the plaintiff, who expressly denies it in the replication, (saying, “ It is not the property of the defendant,”) and yet the defendant pretends he is relieved from proving it. When a special traverse is tendered by one, he is to maintain the traverse thus tendered, by proving the affirmative matter on which it is predicated, as has been already demonstrated. It is this liability to maintenance which distinguishes a special from a common traverse; he who tenders the former, is to maintain it, by proving the affirmative matter on which it is tendered; for the special traverse is a mere inference from that matter, and cannot exist without it. “ The sloop is mine, — therefore not. yours.” The traverse, “therefore not yours,” is nothing but an ergo, a therefore, a conclusion, an inference, parcel of the preceding matter, and without which it is mere nonsense. An inference is something *355 inferred from precedent matter; separated from which, it is a more absurdity in language. There may be precedent matter, and no inference; but there can be no inference without precedent matter; they must stand together and cannot be separated ; and as a special traverse is an inference from the inducement, they must stand together ; because the traverse as an inference, taken alone, is a mere absurdity. The proof which maintains the inducement, maintains the traverse or inference; therefore the party who tenders a special traverse is to maintain that inference by proof of thefact from which it is inferred or drawn. The plaintiff, by joining in the special traverse, has only to wait for proof of that fact by the party advancing it; and when proved it determines the cause; so that the jury can say, in the terms of the issue, that the sloop, at the time when &c, was the property of the defendant, and not of the plaintiff. But if the fact in the inducement be not proved, then the traverse or inference drawn from it also fails, and the verdict is the contrary way. Thus is manifested the fallacy of the last pretence, that the replication has formed a new issue affirming title in the plaintiff, and not denying the title in the plea; vfhereas the very words of the replication are, “ that the said sloop, at &c. was not the property of the defendant and the plaintiff’s joining in the special traverse was also a legal denial of the title affirmed in the plea, and put the defendant to the proof of it in justification of the seizure. So both the above pretences are alike unfounded.
The law, that a special traverse is to be maintained by the party who tenders it, was said to be true in every other action; but not in replevin. Now in what author is this exception to be found ? Gould’s treatise collects all the leading cases and distinctions concerning such a traverse, and if an exception, of this very important character, were to be found in Viner, Bacon, Comyn’s Digest, Gilbert on Replevin, or any of the Reports, he would have given it a conspicuous place in his systematic treatise; the omission of which woulu be so great a blemish. On the contrary, Baron Gilbert on Replevin gives this very plea of property in the defendant, with this very special traverse, as a special plea in har of the action of replevin ; and the law, established thus for centuries, cannot be yielded to any dictum not discussed by counsel, nor supported by reference to books; but *356 flung out casually by a judge in delivering an opinion upon other points. The existence of the exception is entirely gratuitous.
If the position be true, that the defendant has only to disaffirm (that is, deny) title in the plaintiff, and need not show any in himself, this insurmountable difficulty will ensue, that no return of the property can be awarded to one who does not appear to have a title to it. Suppose the plaintiff’s title ever so fully dis-affirmed, it does not follow that the defendant has any title. The Law Library, in this hall, can be proved easily not to be the property of the plaintiff; but does it follow that this library is the property of the defendant ? If there is no evidence that the sloop belongs to the plaintiff, he cannot maintain his action; but what authority will the court have for awarding the sloop to the defendant, without the least proof of his having any title to it? Why is he required to plead property in himself, if it is not to be proved ? A false plea would be as good as a true one, if the proof of it could always be avoided by tendering a special traverse on another point. The books say, if the property is in a stranger, the defendant must not plead that it is in himself, but in the stranger for whom he acts; but if the plea is never to be proved, this distinction in the books is perfect idleness; a false title isas good a bar, as a true one. The defendant may then plead in bar, that at the time when he seized the sloop, the title to it was in the man in the moon, with a special traverse of the plaintiff’s title, and it will be just as good a bar and justification, as to plead title in himself, with such a traverse. In short, this great plea, (given in all the books on replevin,) of title in the defendant, becomes nullified ; its falsehood can never come in question, however false it may be; the special traverse, founded on it, becomes only a common traverse; and if the plaintiff fails in proving his title, as on a common traverse, the court must award a return of the property to the defendant, without a spark of proof that it ever belonged to him. If this be so, it revolutionizes the doctrine in replevin as it has stood for ages.
The plea disaffirms property in the plaintiff in a special manner, stating the precise fact, by which it is to be disaffirmed, namely, by showing that the property is in the defendant himself. Must not the disaffirmance be made out as it is pleaded f If the defendant may plead the disaffirmance in one wpy, and prove it *357 in another way, then notice of a particular mode of defence by plea, is worse than useless, for it deceives the adverse party. If the defendant give no evidence of property in himself, how can a jury under oath find it to be his ? And until it be so found, how can the court award it to him ?
A further reason why the defendant must prove property in himself, and still more decisive, if possible, is this: there is no other way to overcome the plaintiff’s title by possession. The defendant does not plead non cepit; but admits taking the sloop out of the plaintiff’s possession ; now this possession, so admitted in the pleadings, amounts to legal proof of title in the plaintiff, against all the world, till a better is shown. He who seizes goods in the private possession of another and shows no right to them, is denominated in law, a wrong-doer. Blacks!one says, “ If I have possession of goods by occupancy or transfer, whoever dispossesses mo by fraud or force, is a trespasser.” 3 Bl. Com. 145. Starkie says, “Actual possession is title against a wrong-doer.” 3 Stark. Ecid. 138. Chitty says, “ Even an illegal possession is title against all but the legal owner.” 1 Chit. Bl. 155. And the court in Rogers v. Arnold, say, “ It must be remembered, that possession is prima facie evidence of right, and is conclusive against all the world, except the right owner.” 12 Wend. 33. Therefore the plaintiff’s possession, admitted by the pleadings, was a conclusive title for him, unless the defendant showed a better. A chimney sweep found a jewel to which he evidently had no title; but he had possession, and the court said it was a good title against all the world, except the right owner. Suppose another sweep had snatched this jewel from the finder and said to him, “ show your title or it is mine.” Then a third sweep might as lawfully snateh it from the second ; and if a gang of ten sweeps had each taken his turn of snatching, the last one might say to the other nine, “ Show your title to the jewel or it is mine.” This may be good snatch law; but it belongs to no code of ethics. The common law code makes prior possession good title against a host of snatchers and seizers who show no title of their own. Such prima facie right of possession was a sufficient right for the plaintiff to recover upon, unless the defendant showed a better right in himself. It is said in the case in 12 Wend. 33, that the plaintiff in replevin must recover on the strength of his own *358 title: and his possession is a title that can face the world, till a better is shown.
In endeavoring to overcome this ground, recourse is had to the well known principle, that a naked possession of goods, without any right of dominion over them, is not such a title as will support an action of replevin; therefore a butler cannot maintain the action for plate which was in his possession, because it was his lord's; nor a servant, for articles in his care, for they are his master’s ; nor a merchant's elerk, for goods in his care, for they belong to the merchant; and in those cases the lord, the master, and the merchant, have the dominion over the goods. So in Templeman v. Ease, 10 Mod. 25, which was an action for goods taken out of Templeman’s possession, but which he admitted in his pleadings, were only left in his care by a third person, who was the owner; the court held, from his admission in the pleadings, that he had a naked possession only, without any right of dominion, and that replevin would not lie in his name. But do these pleadings show the plaintiff here to be a butler, a servant, a clerk, or an agent in care of the sloop for another person having the dominion over it ? Nothing like it; but possession in the abstract, simple, and absolute, without limitation, restraint or qualification annexed to it; a general actual possession which imports and implies dominion and title to personal property, and is conclusive evidence of right, till a better be shown. The possession before mentioned, of the chimney sweep, was of this simple, absolute character till a better was shown; and it is an outrage upon justice and reason to suppose he could not replevy the jewel if snatched from him, and had no remedy but the desperate one for damages against a sweep worth nothing but his scraper and brush.
But it is said the law is not so unjust as to strip the defendant of his property, and deliver it to the plaintiff to keep, till the defendant shall prove his right to it. This statement glows by omitting facts that take down the coloring. It gratuitously calls the sloop his property. His tortious and unlawful seizure of it being alleged, it was taken into the custody of the law to keep, under a pledge to deliver it ultimately to that party, who should be found to be the true owner in a suit at law. If this is unjust, then the action of replevin is unjust, notwithstanding the com *359 mendations and high encomiums lavished upon it by legal authors and judges, especially in modern times, and now the defendant, instead of showing any right to make this tortious seizure, rails at the injustice of the law for protecting men in the peaceable possession of their goods, against a tortious seizure, pleading a right to seize but declining to show it.
The case, cited in error, Bemus v. Beekman, 3 Wend. 667, exhibits two principles, the first of which is not controverted, namely : “ that title must be found in the plaintiff, or he cannot have judgment for damages.” Secondly, it establishes and confirms two of the main points now insisted on, namely : that a plea oi property in the defendant, is a plea in bar ; and next, that it must be maintained as pleaded. At page 674, Senator Benton uses these words. “ The defendant in the court below is not entitled to judgment upon the verdict, because the plea in bar, is not maintained.” Unless his plea of title be maintained he can have no judgment — de retorno habendo.
It is said in the case in 12 Wend. Rogers v. Arnold, that the plaintiff must recover on the strength of his own title ; and in the same ease it is said, that possession is title against all the world, till a better is shown. The defendant therefore was bound to show a better title, and he and his counsel so understood it. They claimed a right of reply, because the defendant as a justification of the seizure, had affirmed the title of the property to be in himself, and he must prove his plea. The learned judge so understood it, and awarded him the reply on no other ground, than that he was bound to prove property as he had pleaded. But has he done it ? Tie does not even pretend it. He says he proved title to a moiety. But issue was joined on the whole sloop, and the verdict, finding it for him, is so entirely contrary to the evidence, upon his own statement, that a new trial must be granted. But he says the verdict was intended to be for only a moiety, by the jury, and being taken wrong by mistake, is amendable. But if amended to a moiety it will only show more glaringly, that his plea of title to the whole sloop was not maintained, and that the judge ought to have directed a verdict against him for that very reason ; and if the cause goes to trial again, on the same pleadings and evidence, the judge will be bound by law so to inform the jury. A verdict for a moiety does not determine the *360 issue, which is upon the whole sloop, and not upon a part of it. There can be no judgment to return the half of an undivisible chattel. It could not be executed without delivering the whole, which is twice as much as the defendant claims; nor without taking the whole from the plaintiff, when he is the admitted owner of one half. Such a plea in replevin is not known in the books, as property in the defendant for half of an indivisible chattel. It is a matter of partnership, and the rights of partners cannot be settled' in replevin, any more than in debt or assumpsit. The verdict must be set aside and a new trial be granted ; the costs to abide the event of the suit. The question whether a moiety belongs to the defendant, could be settled under a plea that he is tenant in common with the plaintiff, and the court might permit an amendment of the pleadings on proper terms, if requested.

 This opinion was delivered at September Term, 1841, before Mr. Justice Ford retired from the bench. The other opinions in this case, were handed to the reporter since the November Term, 1841.