The opinion of the Court, was delivered by
Hoknblower, C. J.
The first section of the act to prevent suits under a certain sum being brought in the Supreme Court, passed the 6th Nov. 1797, Elm. Dig. 541, enacts, that if in any suit instituted in the Supreme Court, the plaintiff shall not recover above two hundred dollars, he shall not be entitled to costs; and by the second section of the act regulating actions of replevin, Elm. Dig. 466, provision is made for prosecuting such suits in the court of Common Pleas. Hence it is argued, that as the plaintiff recovered only six cents damages, he can have no costs.
The New York decisions cited by the defendant’s counsel, Hawley v. Green, 18 Wend. 654; and Rogers v. Arnold 12 Wend. 38, have no application to the question, as it arises under our statutes. The statutes of that state referred to in those cases, although they give no more costs than damages, provide, in case of a verdict for the plaintiff in replevin, that the jury shall assess the value of the goods or property in question, to the end that the court may know how to give judgment in relation to the matter of costs. Accordingly in one of those cases, in which the jury had found a verdict for the plaintiff with six cents damages, and assessed the value of the goods at a larger sum, the court said, the value of the goods as assessed by the jury, must be the criterion whether the plaintiff should have costs or not; and that the nominal damages for the trespass were not the damages intended by the legislature, as determining that question. We must therefore arrive at a decision in this case, by a just construction of our own statutes, considered in reference to this peculiar form of action.
*111 The first section of our act concerning costs, Elm. Dig. 173, like the statute of Gloucester, gives costs in all the actions embraced therein, and the action of replevin is one of them, in case the plaintiff recovers, damages, without regard to the amount. Then clearly, by that statute, the plaintiff would be. entitled to his costs in this case. But then comes the act above cited, Elm. Dig. 540, declaring, that a plaintiff in this court, shall not have costs, unless he recovers above two hundred dollars. The real question then is, what did the plaintiff recover in this case ? If he recovered only the six cents damages, he cannot have costs. But the action was not brought to recover damages merely j they were only incidental to the real matter in dispute. The writ was issued to recover the vessel, with her sails and rigging. By the writ the plaintiff got possession of the property, but he could not retain it, unless he established his right to it. The action then was really brought to recover his vessel. It was a proceeding in rem, and the question of costs under our statute, if we give it a fair and equitable construction, must depend on the value of the property. It is true, the statute speaks of dollars — the plaintiff must recover above two hundred dollars; but what, in reason and common sense, is the difference between two hundred dollars in money, and property of the same value • qui hceret in litera, luBret in cor tice. The object of the legislature was, to prevent trifling suits being brought into the Supreme Court. But if we adhere to the letter of the statute, we must deny costs to a plaintiff in replevin, unless in addition to the property, he recovers above two hundred dollars damages, for the taking <fec. A plaintiff then, who seeks in this way to recover property worth five hundred or one thousand dollars or more, must go into an inferior court, or pay his own costs if he does not recover above two hundred dollars damages, for the taking &c. an amount of damages that is seldom sustained in such cases.
In my opinion then, the question of costs must depend upon the value of the property in dispute. By the sheriff’s return, which appears of record, the property was worth much more than two hundred dollars. But I do not consider this conclusive on the defendant. The value of the property may be inquired into here, for the purpose of settling the question of costs. But we must presume the sheriff’s appraisal to be correct, until the contrary is *112 shown ; and it is not pretended in this case, that the property was of less value than two hundred dollars. Let judgment therefore be entered for the plaintiff, with costs.

Judgment ctccordihgly.

Cited in Dickerson v. Wadsworth, 4 Vr. 362; Hunt v. Chambers, 1 Zab. 622.