At this term, the cause was shortly argued by Perley, for the' plaintiff, and Mellen, for the defendant, after which the opinion of the Court was delivered by
Parsons, C. J.
[After reciting the facts as stated above.] Upon these facts, we are to decide whether the property of the goods, so that he might lawfully replevy them, was in' the plaintiff.
Trover may be maintained by him who has the possession; but replevin cannot be maintained but by him who has the property, either general or special. Admitting the commission, and the proceedings under it, to be regular, what property had the plaintiff in the goods ? The general property was in the commissioners until the assignment, and then in the assignee. The messenger, if any person, had the special property, and not the plaintiff, who had no interest in the goods, but merely had the care of them for safe keeping. If his possession was violated, he might maintain trespass or trover, but he had no special property, by which he could maintain replevin; in which the question is not of possession, but of property, although possession may be prima facie evidence of property. On this ground we are of opinion that the plaintiff cannot maintain this action, he not proving that either the general or special property was in himself.
But he must fail for the insufficiency of the evidence. Unless I/ucas had actually committed an act of bankruptcy, and a commission had regularly issued against him, the property of the goods always remained in him; and the plaintiff cannot have any control over them, which would prevent their being attached as the property of Lucas.
[ * 305 ] * In this action, the plaintiff must prove an act oí bankruptcy, and that the commission regularly issued on the petition of a creditor of the bankrupt. He must also then prove the debts of the petitioning creditor. To prove these facts at common law, the best evidence which the nature of the case will admit, must be produced.
No evidence was given of the act of bankruptcy; and evidence, not the best the nature of the case admitted, was received to prove the debt of the petitioning creditor, being only a copy of the oath annexed to the petition. The plaintiff must on this ground fail, unless the statute of bankruptcy has provided that, in a case like the pre& *235 ent, these facts may legally be presumed from the evidence offered, or has superseded the necessity of proving them, because the certificate of discharge is proved.
The thirty-fourth section of the bankrupt law provides, that when a certificated bankrupt is sued for debts due before the bankruptcy, he may give the certificate in evidence, which shall be sufficient to prove his bankruptcy, and the regularity of all the proceedings previous to the certificate. But the bankrupt is not the defendant in this case.
The fifty-sixth section enacts, that where the assignee shall prosecute any debtor of the bankrupt’s to recover any debt due to the bankrupt, a certified copy of the commission and the assignment by the commissioners, shall be conclusive evidence of the issuing of the commission, and of the bankruptcy. But in this action, the assignees are not the plaintiffs, nor is a debtor of the bankrupt the defendant.
The plaintiff cannot bring himself within any of the provision* of the statute, and he ought to have produced the regular evidence of an act of bankruptcy, and of * the debt [ * 306 ] of the petitioning creditor. Not having done this, he has on this ground also failed.
Conformably to the agreement of the parties, the verdict must be set aside, and the plaintiff must be called.