Per Curiam.

By the law merchant the defendant Durant, from the facts agreed in this case, was originally liable to the plaintiff’s demand, as he was a part owner of the vessel. But by the plaintiff’s taking and negotiating a negotiable promissory note from some of the owners, for the sum demanded in this action, the case is brought within the principle often recognized by the courts of law in this commonwealth, that a negotiable promissory note, given in consideration of a debt due by simple contract, is a discharge *59 of such contract. The action is not supported, and there must be (a)

Judgment on the verdict.

*60 ADDITIONAL NOTE.
[See Tufts vs. Kidder, 8 Pick. 537. —Hanna vs. Pegg, 1 Blac. 183. — Abercrombie vs. Mostly, 9 Port. 145. — Crockett vs. Trotter, 1 Stew. & P. 446.— Higgins vs. Packard, 2 Hall, 226.
Giving a note for a preexisting debt does not discharge it, unless it is agreed that the note be taken in payment. — Bank of U. S. vs. Daniels, 12 Pet. 32. — Davidson vs. The Borough, &c., 8 Conn: 472.— Bill vs. Porter, 9 Conn. 23.—Glenn vs. Smith, 2 Gill & J. 493. — M' Gain vs. Holmes, 2 Watts, 121.
In Maine, a negotiable note, or order, when received by a creditor from his debtor, is presumed to be taken in payment of the prior debt. But this presumption may be controlled by proof of an express agreement to the contrary, or of usages or circumstances inconsistent with it.— Varner vs. Nobleborough, 2 Greenl. 121. — Descadillas vs. Harris, 8 Greenl. 298. — Such instrument, given in a foreign country, will not extinguish a debt created there, unless the laws of that country so provide. — Descadillas vs. Harris, 8 Greenl. 298. — A note not negotiable, given for a subsisting account, is no bar to an action on the account.— Trustees, &c., vs. Kendrick, 3 Fairf. 381.—See Gilmore vs. Bussey, Ibid. 418.
See Hutchins vs. Olcott, 4 Verm. 549, acc. —Depeau vs. Waddington, 6 Whart. 220.
— Reid vs. Morrison, 2 Watts & Serg. 401. — Beltzhoover vs. Com. 1 Watts, 126.
Where a creditor receives from his debtor a draft or bill of exchange, in full satisfaction of the debt, when paid, this is primd facie evidence of payment; and, to rebut it, in an action upon the original debt, the plaintiff must prove diligence in collecting the bill, and notice of non-payment, if unpaid, or some excuse for non-presentment ; and he must produce the bill at the trial to be cancelled, — Dayton vs. Trull, 23 Wend. 345. — 9 Conn. 23—or prove it to be lost. — 2 Gill & J. 493.
A and B, partners, gave their note for a partnership debt, in full satisfaction and discharge. The firm subsequently dissolving, A, for a consideration paid by B, agreed to assume and pay the original debt, and accordingly took up the note, and gave his own instead of it. Held, A and B were still liable upon the original debt. — Cole vs. Sackett, 1 Hill, (N. Y.) 516. — But see Lamkin vs. Phillips, 9 Por. 98.
The holder of a note, on the day when it became due, accepted from the maker a check upon a bank, drawn by a firm consisting of the maker and one A, dated six days afterwards, to be in full satisfaction, if paid when- due. Held, this suspended the remedy against the maker, and discharged the endorsers. — Okie vs. Spencer, 2 Whart. 253. — See Nichol vs. Bate, 10 Yerg. 429.
The words “ in payment of the above account,” contained in the receipt for a note, do not prove an agreement to take the note as payment, and discharge the account. — 2 Gill & J. 493.
If a creditor accept a note from his debtor, his right of action is suspended till maturity of the note. — Ibid. — See Lishy vs. O'Brien, 4 Watts, 141.
A note under seal, with a warrant to confess judgment, of one partner, for a simple contract debt of the firm, taken “ when paid to be in full,” is not an extinguishment of the original debt, nor is a judgment upon it a bar to a subsequent action against the firm. —Wallace vs. Fairman, 4 Watts, 378. — Otherwise, in case of the acceptance of a specialty from one partner, or recovering a judgment against him. — Anderson vs Levan, 1 Watts Serg. 334. — See Bitzer vs. Skunk, Ibid 340 - Cash vs. Tozer Ibid 519.
*61 See Spear vs. Gillet, 1 Dev. Equ. 466. — Horton vs. Child, 4 Dev. 460.—Armsby vs. Famam, 16 Pick. 318.—Averill vs. Lyman, 18 Pick. 346.— Goldshede vs. Cottrell 2 Mees. & W. 20. — Lumley vs. Musgrawe, 4 Bing. U. S. 9.—F. H.]

 [According to the English law, this decision is clearly wrong. Neither a promissory note, nor a bill of exchange, will operate as payment, or a discharge of the original debt, unless where the debtor has sustained an injury by the laches of the creditor, in not making a demand upon, or giving notice to, some party on the bill or note.— Bayley, 4th ed. c. 9, sec. 1, pi. 58—64. — Chitty, 6th ed. 97—100. — Thomson on Bills, 192,194. — 1 Petersdorf, Mr. 126, and cases cited in a note. — But in order to maintain an action, it must be shown that the note, or bill, has been dishonored, and it must be produced or accounted for at the trial. And so is the Scotch law. — Thom son, ub. sup. — It may not be altogether useless to examine the cases upon which the doctrine laid down in the text rests. In Greenwood vs. Curtis, (4 Mass. Rep. 93,) it was held that a note not negotiable could not operate as payment, or a discharge of an original debt. In Thatcher vs. Dinsmore, (5 Mass. Rep. 303,) Parsons, C. J., in delivering the opinion of the Court, cited the case of Warren, Admr. of Wheelwright, in which he said it was decided, before the revolution, that a negotiable note, given in consideration of a simple contract debt, was a discharge of the simple contract. But he intimated that this was a presumption which might be rebutted. In Maneely vs Magee, (6 Mass. Rep. 145,) a case somewhat like the case reported in the text, Par sons, C. J., in giving the opinion of the court, said, “ it had been long settled that when a debtor shall give his creditor his negotiable note for a debt due on simple contract, the legal presumption is that the note was received in payment; but that this, like all other presumptions, might be rebutted.” And in this case it was held not to ope rate as an extinguishment of the parol contract. In Goodenow vs. Tyler, (7 Mass Rep. 43,) Parsons, C. J., said, “ it had been settled by a series of decisions, which could be traced back sixty years, that when a negotiable note is given to secure the payment of money due by simple contract, the simple contract is holden to be satisfied or merged in the note.” And Sedgwick, J., in the same case, said, “ A promissory note, given and received for goods at the time of the sale of them, is payment as much and as effectual, to all intents and purposes, as cash. A previously-existing parol con tract, as the law is here understood, would have been merged by it as completely as it would have been by a bond, recognizance, or deed of any kind.” In Johnson vs Johnson, (11 Mass. Rep. 362,) the doctrine laid down in Thatcher vs. Dinsmore, and Maneely vs. Magee, is recognized as law by Parker, C. J., in giving the opinion of the court. In Hemenway vs. Bradford, (14 Mass. Rep. 121,) it was held that an action for return premium would lie, before the premium note, which had not been negotiated, had been paid. And this decision is recognized as law in Russell vs. Digrand, (15 Mass. Rep. 38.) In Whitcomb vs. Whiting, (4 Pick. 229,) it was held that a negotiable note, given for a simple contract debt, was equivalent to payment in money ; and that if, by mistake, it should be given for more than the just amount of the debt, the ex cess might, even before payment of the note, be recovered by the promisor of the creditor, in an action for money had and received. In Wiseman & Al. vs. Lyman, (7 Mass. Rep. 286,) it was held by Sedgwick, J., in giving the opinion of the court, that a promissory note of a third person, received for a stated balance of a merchant’s ac count, would be a complete discharge of the original debt. — But see Tucker vs. Max-well, 11 Mass. Rep. 143. —From the above cases it appears that the language of the court has not always been precisely the same. Sometimes it has been said that receiving a negotiable promissory note operates as an extinguishment and discharge of the simple contract, in like manner as would a bond or deed; sometimes it has been said to be equivalent to, and to be considered as, payment in cash; and sometimes 'it has been said to be only primé facie evidence of payment. The reason given for these decisions has uniformly been, that to hold otherwise would subject the defendant to pay his debt twice. But this is not very apparent. It would seem to be enough to require the plaintiff to produce or account for the note, or bill, at the trial. These decisions are not very consistent with the doctrine held by the same court in regard to the admissibility of a promissory note in evidence to support the money counts in a suit by the promisee or endorsee against the maker, or to support a claim in set-off for money paid. — Young vs. Adams, 6 Mass Rep. 152. — State Bank vs. Hurd, 12 Mass. Rep. 172. — Truesdell vs. Wallis, 4 Pick. 63. — Wild vs. Fisher, 4 *60 Pick. 421. — Sargent vs. Southgate, 5 PicA;. 313. — It is much to be regretted that there has been an inclination in our courts to establish local law, so inconvenient tc the mercantile world, and so contrary to the settled rules of the common, law. The American courts generally have followed the common law.— Clark vs. Young, 1 Cranch, 181. — Pintard vs. Tackington, 10 Johns. Rep. 104.— Tobey vs. Barber, 5 Johns. Rep. 68. — Murray vs. Governeur, 2 Johns. Cas. 438. — Holmes vs. Decamps, 1 Johns. Rep. 34.—Putnam vs. Lewis, 8 Johns. Rep. 304. — Burdick vs. Green, 15 Johns. Rep. 247. — Johnson vs. Weed, 9 Johns. Rep. 310.— Smith vs. Lockwood, 10 Johns. Rep. 366. — The People vs. Howell, 4 Johns. Rep. 296. — Sheeby vs. Madeville, 6 Cranch, 253. — Elliot vs. Steeper, 2 N. H. R. 525.— Cheever vs. Mirick, 2 N. H. R. 376. — And as resembling the case in the text, more nearly, see, Schemerhorn vs. Loines, 7 Johns. Rep. 310. — Smith vs. Rogers, 17 Johns. Rep. 340. — Muldon vs. Whithlock, 1 Cowen, 290. — Keun vs. Dufresne, 3 Serg. & Rawle, 233. — But see Varner vs. Nobleborough, 2 Greenl. 121.— Ed.]