By the Court. Woodruff, J.
—This action was brought by the plaintiff to recover from the defendants, as owners *325 of the vessel called “ The William Marsh,” for services, and also for moneys paid, laid out and expended for the use of the defendants, and at their request.
He has recovered judgment for the moneys paid out by him and interest thereon, and for those moneys only.
The referee before whom the action was tried, finds as facts proved before him, that the defendants were owners of the vessel during the year 1855, and afterwards during the periods mentioned in the complaint herein; and that down to March 29, 1856, one of ^ them (Decker) was also master of the vessel. That three seamen, (Patten, Ward, and John,) were seamen on board at the time when Decker ceased to be master. That one of the defendants, other than Decker, sometimes paid the wages of seamen serving on board, and charged such payment to and settled it with Decker as captain (or master).
That one of the defendants directed the plaintiff to pay to Patten, Ward, and John, their wages, and he thereupon paid them in all the sum of $38.54.
He further finds that the plaintiff, at the instance of the defendants, paid and advanced for articles procured for use in the said vessel, the sum of $4.95.
For these sums with interest, he decided that judgment should be awarded for the plaintiff.
As to the sum of $4.95, paid by the plaintiff for articles procured for use on the schooner, the correctness of the referee’s decision ought not to be considered open to inquiry. The case shows that the case was submitted after the summing up of counsel, “ the defendant’s counsel admitting that the defendants were liable to the plaintiff for the payment of the bill, Exhibit A’’ which was the bill for the said articles so procured, amounting to $4.95, and which the plaintiff had paid.
This admission the plaintiff’s counsel bad a right to accept and act upon. We cannot say in what precise stage of the cause the admission was made, but it is stated that the case was submitted after such admission. We cannot know that the plaintiff would not have sought to give, or *326 that he would not have given further proof in relation to this item if the admission had not been made. It is enough that the case was submitted on that admission. • The defendants could not, by subsequently handing in written points in denial of such right of recovery, retract their admission made at or before the actual submission of the case to the referee.
Besides, irrespective of such admission, we think the referee was right in respect to the liability of the defendants for the amount of the bill. One of the defendants had approved the bill and certified it to be correct. Another of the defendants testified that under the arrangement with the plaintiff as to running the vessel as master, (the terms of which he said were the same as those upon which Decker sailed her,) the owners were to pay for the ordinary equipments and repairs of the vessel. The articles in question, seem to us plainly included in that description, and not to be stores for the consumption of the crew. It was testified that the articles were necessary for the vessel, and that one of the defendants ordered the plaintiff to get what things he wanted for the vessel, and that he procured them and paid for them.
This proof seems to us, to bring the claim for these articles within the ground that part owners of a vessel are, as the general rule, liable for supplies and repairs furnished the vessel, and especially so when there is no agreement that the master shall himself furnish them.
In respect to the several sums due to the seamen paid by the plaintiff, we think the referee properly allowed them, and that the plaintiff was entitled to recover them from the defendants.
They were paid. by the express direction of one of the defendants. They were certified to be correct by another of the defendants, who, from his connection with the vessel during the period of the service claimed for, knew personally whether they were correct, and the seamen had served on board with the last named defendant. This was, we think, sufficient frima facie to warrant the plaintiff *327 who was, in making such payment, acting as agent for the owners in allowing and paying the sums which he did pay.
Some principles applicable to this part of the plaintiff’s claim, are also pertinent to his claim for the money paid for articles procured for the use of the' vessel first above referred to and discussed ; and it is to be observed particularly in reference to the wages of the seamen, that at the time they were earned, one of the owners was himself the master, and the ship was employed for the benefit of all the owners, they being sharers in the profits of her employment. Although it is testified that the owner who sailed the vessel as master, was to pay the seamen by the terms of a private arrangement between the owners, yet even this arrangement was not ostensibly observed, since one of the other owners sometimes made the actual payment to the hands, making such payment the subject of charge to the owner who sailed as master, in the arrangement of the private accounts of the owners among themselves ; so that to all appearances, and so far as the seamen and other third persons were concerned, the vessel was in the hands of the owners, and run by them, and for their account, one of them sailing as master. The seamen did not know; no third persons dealing with the vessel knew, that in the settlement of the accounts between the owners, the adjustment was made by allowing to the master a share of the net earnings in lieu of wages. Not only so, but as all the owners were interested in the earnings and entitled to a share thereof, and not entitled to a fixed sum as charter money, the case would be distinguishable, (if such a distinction was material,) from the case of a vessel chartered to a third person and placed under his sole control, in which case the charterer is, for many purposes, deemed owner, and the actual owners not liable for his acts. Here there was a community of profits divisible among the owners according to a private arrangement between them.
So also the case -is not one in which some of the owners employ a vessel against the will and consent of other owners, subject only to a liability to account, in which case *328 the non-consenting owners may not, against their will, be charged by the others with liability.'
The general rule would, therefore, seem applicable to the present case, viz; that all the owners are prima facie liable for repairs, supplies, and for wages of the seamen while the vessel is .employed for their benefit, (Westerdell v. Dale, 7 T. R. 306 ; James v. Bixby, 11 Mass. R. 34; Thompson v. Finden, 4 Carr & P. 158.) In respept to putfit they are said to be partners, Wright v. Hunter, (1 East. R. 20,) and to be all liable. (Scottin v. Stanley, 1 Dallas R. 129 ; Schemerhorn v. Loines, 7 J. R. 311; Muldon v. Whitlock, 1 Cowen R. 290 ; Baldney v. Ritchie, 1 Stark. R. 338; Chapman v. Durant, 10 Mass. 47.) And Mr. Justice Story says; Where one or more of the part owners are, by common consent, employed in the general concerns of the ship, all the part owners ar.e liable in solido, for the debts properly incurred on the joint account, (Story on Partnership, § 440,) and that it will make no difference in respect to the liability of the owner, (even though the master is not himself a part .owner;) that the master is, by private agreement, to have the entire ship to his own use for a specific period, and make all the repairs at his own expense, for such a private agreement cannot vary the rights of third .persons, This is a much stronger case for the defendants than the one now before us, and yet the owners are deemed liable to third persons. (Story on Agency, § 298 ; Rich v. Coe, Cowp. R. 636 ; Collyer on Part. §§ 1,225, 1,228.) Within these rules the owners are liable for all contracts made by the master, within the ordinary scope of his employment, and none are more so than the engagement of seamen to serve on board the vessel. And this is especially true when the master is himself one of the owners running her for the common benefit; and that in general, owners are-liable for the wages of the seamen is obvious. (Story on Con. § 113 to 122; Worth v. Mumford, et. al. and cases cited, 1 Hilton, 1.)
There was then a prima facie liability of the owners to the seamen; an express direction by pne of the owners *329 to the plaintiff while acting as the agent of the owners, to pay them; a certificate by another of the owners to the amount due to the seamen; a right in the seamen to institute legal proceedings against the ship to compel payment; a motive therefore forming a consideration to induce the owner directing such payment to do so to save the owners from expenses and loss if the wages were not paid; and an actual payment by the plaintiff of the sum reported by the referee, for the use and benefit of the defendants.
This cannot, we think, be regarded as a voluntary payment for which the parties benefitted are not liable; and acting in good faith, and in the exercise of due diligence, we think "the plaintiff was prima facie justified in paying the amount which one of the defendants stated to him was due and which the seamen claimed. This, we think, sufficient at least, to put the defendants to show either that the plaintiff acted in bad faith, or that the amounts paid by him were not due to the seamen.
Our conclusion is, therefore, that the judgment should be affirmed with costs.
Ordered accordingly.