GEORGE DONNELL *et al. v.* LOUIS WALSH *et al.*

Where a vessel is owned by several in shares, they are tenants in common as to the ownership of the vessel, though they are partners in respect to its earnings.

As partners in the earnings, all should be joined in an action to recover for freight earned by such vessel.

But for defects arising from nonjoinder of plaintiffs, advantage can only be taken under the Code, by answer of demurrer.

*Gilbert Dean,* for the appellants.

*Dexter A. Hawkins,* for the respondents.

DENIO, Ch. J.    This action was brought to recover one-half part of the balance of certain moneys received by the defendants, as agents of the owners of the brig Crimea, for the freight and demurrage of that vessel on a voyage from Cardenas to New York, which ended in May, 1857.   The plaintiffs were the owners of one-half of the brig, and the voyage appears to have been prosecuted on behalf of the owners. The defense was the same which was introduced by the defendants in the case of Merritt and others against the same defendants, considered at this term.   Those plaintiffs were the owners of three-eighths of the brig, and by the judgment in that case, recovered that proportion of the moneys in the defendants' hands.   The only difference in the cases, besides the different proportions claimed, is that the title of the present plaintiffs to their shares of the vessel accrued by purchase in March, 1857, after the account which the defendants claimed to retain had arisen, whereas Merritt and his co-plaintiffs were part owners in 1855, when that account arose; and that in the present case the plaintiffs were joint owners of their one-half, while in the other case the plaintiffs were each owners of separate shares, as tenants in common of the vessel.   These distinctions, if they were of any account, would be favorable to the present plaintiffs.   But in the view I have taken of the case of Merritt and others, the defendants had no valid answer to the action.   Hence they can have none in the present case.

The judgment of the Supreme Court must be affirmed.

DAVIS, J. There was no difficulty in disposing of the merits of this case "without prejudice to the rights of others," and no necessity to arrest the case to bring in other parties, in order to "a complete determination of the controversy" before the court. (Code, § 122.) The defendants had not demurred for defect of parties, nor alleged any facts in their answer showing that other persons should have been made parties; and, therefore, under the Code, must be deemed to have waived the objection urged at the trial, on the ground of the non-joinder of other owners of the brig. (Code, § 148.) The plaintiffs, as copartners, owned one-half of the vessel. Their firm were tenants in common with the owners of the other half. The money which had come to defendants' hands, after discharging all claims and expenses, left in their hands a sum to be divided between the owners of the brig. The defendants undertook to make this division, and to pay over to the owners in severalty what they claimed their respective portions to be, and accordingly paid to plaintiffs the sum of $150. To arrive at that sum, as plaintiffs half of the freight, the defendants claimed a right to deduct $712.62 upon an alleged indebtedness of the brig to them, on an account which accrued some two years before, and prior to plaintiffs becoming owners of their portion of the vessel.

This account the plaintiffs insisted had been paid, and this question of payment was one of the questions of fact submitted to the jury. Its determination depended on the question whether defendants, in their dealings with Arnold & Co., had extinguished this indebtedness against the vessel, and substituted one against that company for money lent and advanced to take up their acceptance. I do not see why this question was not properly submitted to the jury at the trial, nor why their finding is not conclusive upon it.

There was, in my opinion, no such settlement of the defendants' claim by Stinson, the master of the vessel, as concluded the plaintiffs from questioning the right of defendants to retain the money. When they threatened to libel the brig, he receipted the account as presented, leaving the money

in their hands substantially as a substitute for the brig itself, without assuming to make any final adjustment of the claim as a disputed one, which he was authorized to do. Nothing, in my opinion, that occurred between the defendants and the master, authorized them to keep this money from the plaintiffs, unless the brig would be liable therefor upon a libel. The finding of the jury upon the question of payment, disposes of that proposition, and determines that she was not so liable.

Besides, I have no doubt the claim, if not paid, had been so dealt with between Arnold & Co. and defendants, that it had ceased to be a lien upon the vessel; and the master, who was not so when the demand accrued, had no authority as such to settle a stale claim which had ceased to be a lien out of freight belonging to new owners who were never in any sense personally liable for the debt. (*Kelly* v. *Merrill*, 14 Maine, 228; 1 Parsons' Maritime Law, 384.)

The judgment should be affirmed.

All the judges concurring, judgment affirmed.