Wright v. Marshall.

WILLIAM WRIGHT *v.* CHARLES H. MARSHALL AND OTHERS.

The several owners of a vessel are tenants in common, and must join or be joined in an action by or against them. If joined as defendants and the death of one of them occurs, his executor or personal representative cannot be joined with the survivors. The executor is charged *de bonis testatoris,* the survivors *de bonis propriis,* and the judgment could not be thus rendered.

In an action against the owners of a vessel for damages for breach of a contract of carriage, one of the defendants, who was not served, died before trial, *Held,* on a motion by the surviving defendants to compel the plaintiff to bring in as parties-defendant the personal representative of the deceased defendant, that the contract set up being the joint obligation of the owners, the plaintiff might proceed to trial against the defendants served under § 136 of the Code, and the motion should be denied.

SPECIAL TERM.—*November*, 1870.

MOTION to compel the plaintiff to serve the summons upon all the defendants in the action, and to bring in as parties defendant the legal representatives of a deceased defendant, and for a stay of proceedings.

*Barney, Butler & Parsons*, for the motion.

*John S. Slosson*, opposed.

LARREMORE, J.—This action was brought in May, 1869, against Charles H. Marshall and twenty other defendants, as owners of the ship, James Foster, Jr., for violation of a contract alleged to have been made by them with the plaintiff to transport him, as a passenger in said ship, from Liverpool to New York, whereby plaintiff had sustained damages to the amount of $10,000. Eleven of said defendants have appeared and put in an answer to the complaint in said action, and a notice of trial on the part of the plaintiff was, on November 19, 1869, served on the attorneys of the said defendants who had appeared, and said attorneys admitted due and timely service thereof. A few month since, Alfred J. Cipriant (a defendant who had not been served with process, and who has not appeared in the action), died, and the fact of his death was communicated by the defendants' attorneys to the attorney for the plaintiff. No proceedings have been taken to bring in the legal representatives of the deceased defendant. The attorneys for the defendants who have appeared now move to compel the plaintiff to bring in the said legal representatives as parties, to serve all the other defendants with process, and meanwhile that all proceedings on the part of the plaintiff be stayed. Two questions are involved in the decision of this motion. 1. Are the legal representatives of the defendant, Cipriant, necessary parties to this action? 2. Can the plaintiff proceed to trial or take judgment against the defendants served without service of process upon, or appearance of the other defendants who are named in the summons?

The several owners of a vessel are tenants in common, and must join or be joined in an action at law brought by or against them. (*Buckman* v. *Brett*, 13 Abb. Pr. R. 119; *Donnell et al.* v. *Walsh*, 33 N. Y. Rep. 43; *Merritt* v. *Walsh*, 32 N. Y. R. 685.) If so joined as plaintiffs and one die, the right of action survives to the surviving part owners, who may afterwards be compelled to pay to the personal representatives of the deceased

the value of his share. If joined as defendants and the death of one of them occurs, the executor or personal representatives of the one so dying cannot be sued or joined with the summons as the liability differs in the case of each. The executor is charged *de bonis testatoris*, the survivors *de bonis propriis*, and the judgment could not be thus rendered. (*Buckman* v. *Brett*, 13 Abb. Pr. R. 119; 11 *Ib.* 110.) The second question raised upon the argument is answered by the pleadings in the action and the Code of Procedure governing the same.

The contract, for a violation of which this action is brought, is a joint contract upon which the part owners of the ship are jointly liable. (*Kohler* v. *Wright*, 7 Bosw. 318; *Stedman* v. *Feidler*, 25 Barb. 605; Parson's Marit. Law, I, p. 94; Story on Part. §§ 419, 455, 458.) All the owners are interested in, and entitled to a share of the earnings of the ship, and not to any fixed sum as in the case of a chartered vessel. The Code (§ 136) provides that, in actions against defendants jointly indebted upon contract, the plaintiff may proceed against the defendants served unless the court otherwise direct, and if he recover judgment it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all and the separate property of the defendants served. The plaintiff, having joined as defendants in this action all the owners of the vessel, upon the joint contract alleged in the complaint, may proceed to trial against the defendants served as provided by said section 136 of the Code. (*Stannard* v. *Mattice*, 7 How. Pr. 4; *Niles* v. *Battershall*, 27 How. 381.) The defendants who are thus proceeded against, if forced to pay more than their just proportion of the claim, may compel the other defendants to contribute their share. (*Mumford* v. *Nicoll*, 20 Johns. 611, and cases and authorities above cited. With this view of the case and the law governing the same, it follows that this motion must be denied. The costs of the motion to abide event of suit.

Motion denied.