THOMAS PETERS *vs.* DANIEL S. STEWART.

A receiptor of goods attached, who by his receipt has bound himself to return the property to the officer upon request or pay damages, is not a mere naked bailee of the goods, but has a special property in them, and can maintain replevin against a person unlawfully detaining them from him.

Where goods were attached in the state of Massachusetts, and there delivered by the officer to a receiptor, who left them in the hands of the debtor, by whom they were brought to this state and sold—it was held,

1. That the law of this state governed upon the question whether the receiptor could maintain replevin for the goods.

2. That the receiptor was clearly entitled to the immediate possession of the goods as against the debtor, and that this alone would have been enough, under the statute in force when the suit was brought, to sustain the action of replevin.

3. That the purchaser of the goods, if he bought them in good faith of the debtor, could hold them against the receiptor.

4. That the burden of proof was on the purchaser to show that he bought them in good faith.

REPLEVIN for a horse, wagon and harness, claimed to be unlawfully detained by the defendant; brought to the District Court in Litchfield County, and tried to the court, upon the general issue, before *Foster, J.*

Upon the trial the plaintiff claimed a special property in the articles in question by reason of their delivery to him as attached property by an officer in the state of Massachusetts, where they were attached, and of the following receipt given by him to the officer:

"Berkshire ss., January 3, 1874.

"Whereas Wm. W. Langdon, Deputy Sheriff, has this day at my request delivered into my possession the following

property, viz: one brown horse and one buggy wagon and one single harness, all of the value of fifty-one dollars or more, attached by him as the property of Daniel Stewart, on a writ in favor of Peter Blow, returnable January 17, 1874, at the District Court of Southern Berkshire, holden at Great Barrington, in said county: In consideration thereof I promise safely to keep said property until the said Langdon or his order shall call for the same, then to deliver it to him, or his order, free from any charge, at such time and place as he shall appoint, in like good order that the same now is in. And I do further promise that I will save and keep harmless the said Langdon from all costs, trouble and expense that shall or may arise to him through any default in consequence of his entrusting said property in my hands.

THOMAS PETERS.'

The plaintiff never had any possession of the property under the receipt or otherwise, but it remained in the sole possession of the defendant after the receipt in the same manner as before. The receipt was given by the plaintiff at the request of the defendant.

On the 28th day of February, 1874, the defendant, without the knowledge of the plaintiff, brought the property to Cornwall, in this state, where he disposed of it to one Daniel S. Adams, in whose possession it was found when replevied by the plaintiff in this writ.

The plaintiff, after he had replevied the property, returned it to the officer in Massachusetts who had attached it, and it was sold upon an execution recovered against the defendant.

The defendant did not appear in person to make defence in the case, but Adams, who claimed to own the property, and from whose possession it was taken under the plaintiff's writ, appeared and made defence in the name of the defendant, and the defendant appeared by his attorney.

Upon these facts the plaintiff claimed, and asked the court to decide, that he could maintain his action of replevin. The court did not so decide, but held that the plaintiff was not entitled to maintain the action, and rendered judgment for the defendant for a return of the property, and that he recover his cost. The plaintiff moved for a new trial.

*J. B. Hardenburgh* and *C. B. Andrews,* in support of the motion.

By the law of Massachusetts the receiptor of property taken on attachment is entitled to the possession thereof, and may at any time retake the same from the debtor. Story on Bailments, (7th ed.,) § 133, and note; *Bond* v. *Padelford,* 13 Mass., 394; Drake on Attachments, § 367. Having the right to the immediate possession of the property, the plaintiff when he came into the state of Connecticut could enforce that right by any process known to our laws. Replevin in Connecticut is a statute remedy, which any party may have who is entitled to the immediate possession of property. *Watson* v. *Watson,* 9 Conn., 140, and 10 id., 76; *Ladd* v. *Prentice,* 14 id., 113; *Brown* v. *Chicopee Falls Co.,* 16 id., 90. The plaintiff if entitled to the possession of property situated in Connecticut might avail himself of any remedy existing in Connecticut. The remedy is governed by the law of the *forum.* *Wood* v. *Watkinson,* 17 Conn., 500; 2 Parsons on Cont., (5th ed.,) 588, and cases cited. The law of the forum gave a remedy by action of replevin " whenever any goods should be unlawfully detained except by attachment, from the owner or other person entitled to the possession." Revision of 1866, p. 75. The carrying off of the goods by the defendant out of the state where they had been attached, without the knowledge or consent of the plaintiff, was an unlawful conversion of them, and a fraud upon the plaintiff, and especially is this so if he disposed of them to a third party. The plaintiff was clearly entitled to the possession of the property, even though the defendant had disposed of it to Adams. If Adams can make defence in the name of Stewart, he has no greater rights than Stewart himself would have. He must be bound by whatever would bind Stewart. He must be presumed to have all the knowledge that Stewart had. A sale of this property by Stewart would be fraudulent. Adams must be presumed to know of this fraud. He can take no advantage of it that Stewart could not have taken. It would be a reproach upon the law to permit Stewart to come into court and set up his own fraud to gain an advantage. Under the circumstances

it would be equally a reproach to permit Adams an advantage from such sale.

*H. B. Graves* and *A. D. Warner*, contra.

1.   A receiptor to an officer, or any other bailee, for safe keeping merely, has not sufficient interest to maintain replevin. *Waterman* v. *Robinson*, 5 Mass., 303; *Warren* v. *Leland*, 9 id., 265; *Perley* v. *Foster*, id., 112; *Simpson* v. *McFarland*, 18 Pick., 427.   The plaintiff must have had a right to the possession of the property at the taking or detention.   *Gates* v. *Gates*, 15 Mass., 310; *Wheeler* v. *Train*, 3 Pick., 255; *Collins* v. *Evans*, 15 id., 63.   This is the law of Massachusetts, where both parties resided, and where the taking and detention, if any, occurred.

2.   But there was no taking or detention by the defendant. The plaintiff never had possession of the property, or the right to the possession.   He was merely a naked receiptor for the property to the officer, and permitted the property to remain in the possession of the defendant without any change. The plaintiff had become security to the officer that the property should be forthcoming to answer an execution or in default to pay the judgment debt.   But at the time the plaintiff commenced his action no liability had attached to him— the officer had not demanded the property—the suit on which the property was attached had not gone into judgment.   The plaintiff therefore was a mere naked receiptor without any fixed liability at the commencement of his action.   Under our statute, to sustain the action of replevin the plaintiff must have a general or special property in the goods with a right to the immediate possession, and this right of property and possession must concur.   Rev. of 1875, p. 484.

3.   If the plaintiff had at first a right of possession against the defendant, he had none at the date of his action.   He had suffered the lawful owner to retain possession, and the nominal defendant as such owner had sold them to Adams, and Adams alone was entitled to the immediate possession, who is the real defendant in this cause.

4.   There are no equities in favor of the plaintiff.   He had

it in his power before becoming a receiptor of the property, to have secured himself by a delivery of it to him. This he did not choose to do, and now seeks to recover the property of a bonâ fide purchaser from Stewart. The equities are therefore in favor of the title of Adams and opposed to the plaintiff. Suppose another creditor of Stewart had attached the property after the plaintiff had receipted it and allowed it to remain in Stewart's possession, would the plaintiff be entitled to the action of replevin to recover the property? Clearly not.

PARK, C. J. It does not appear that Daniel S. Adams was a bonâ fide purchaser of the property in question, and he must therefore be regarded as having no greater rights than the defendant Stewart possessed at the time the property was disposed of to him. If he acquired greater rights than Stewart could grant, the burden was upon him to show it. He failed to do this, and the case must therefore be determined by a consideration of the rights existing between the plaintiff and the defendant of record.

It appears in the case that the property in question was attached in the state of Massachusetts in a suit brought against the defendant while he resided there; and that the following receipt was given by the plaintiff to the officer who had attached the property:

[The receipt is given in full in the statement of the case.]

It is claimed by the defendant that the plaintiff acquired no special interest in the chattels under this receipt; and we are referred to a number of cases in the state of Massachusetts as sustaining the claim. But the cases referred to are cases where sheriffs, having attached property, placed it in the hands of third parties for safe keeping merely. Such parties became naked bailees or depositaries of the property. Their possession was the sheriffs' possession; and in contemplation of law the property continued in the hands of the sheriffs. *Waterman* v. *Robinson*, 5 Mass., 303; *Perley* v. *Foster*, 9 id., 112; *Ludden* v. *Leavitt*, id., 104; *Warren* v. *Leland*, id., 265; *Commonwealth* v. *Morse*, 14 id., 217.

But such was not the case here. When the sheriff delivered this property to the plaintiff, or to his order, under this receipt, he ceased to have any further care or custody of the property as between him and the receiptor; and the plaintiff was bound to return it to him on demand, or pay all the damages the sheriff might sustain in consequence of his failure so to do. *Bond* v. *Padelford*, 13 Mass., 394.

Suppose judgment should be rendered against the defendant in the case in which the property was attached, and no property could be found to satisfy the execution issued upon the judgment; no one would question the liability of the sheriff to the plaintiff in that suit. Suppose the sheriff should make proper demand in proper time of the plaintiff in this suit, for a return of the property attached, so that it could be levied upon to satisfy the judgment, and he should fail to return it; no one would question the liability of the plaintiff to the sheriff under this receipt, for so it is written in unmistakable terms.

Now, if the plaintiff has assumed obligations to the sheriff in conformity with law, and the fulfillment of such obligations requires that he should have control of the property, can it be so in Massachusetts that he has no special interest in the chattels? The giving of receipts for property attached is not only lawful everywhere between the parties to them, but the law encourages such transactions, in order to save litigants the trouble and expense attending the keeping of property attached by the sheriff, while the case is waiting for trial. To deprive receiptors of a special interest in goods attached, which may be their only security, is to prevent the giving of receipts. Suppose the plaintiff had delivered the property to a third person for safe keeping *pro tempore*, and such person had refused to re-deliver it on demand made for it by the plaintiff, it may be that by the law of Massachusetts the plaintiff might not have sufficient interest in the property to compel its re-delivery; but this would be owing to the fact that their action of replevin requires a greater interest in property to maintain it than is elsewhere required. In the case of *Waterman* v. *Robinson*, 5 Mass., 303, it was held that a receiptor of property attached might maintain trespass or

trover for the goods, should they wrongfully be taken from him, but not an action of replevin.

But however it may be in Massachusetts in regard to their action of replevin, suitors coming here are entitled to our modes of redress. Contracts are to be construed, and what rights they confer are to be ascertained, by the law of the place where the contracts are made; but all modes of procedure in obtaining redress are to be governed by the law of the place where suits are instituted. In the case of *Knap* v. *Sprague*, 9 Mass., 258, the court say: "It is very clear that, after the plaintiff had delivered the chattels he had attached to the defendant, taking her receipt and engagement to be responsible for them upon his demand, they could no longer be considered as in the constructive possession of the plaintiff as constable." And the court further held that the chattels were in the exclusive possession of the receiptor. It would seem to follow from this decision that the receiptor, having the exclusive possession of the property under the receipt, must have been entitled to the possession. In the case of *Bond* v. *Padelford*, supra, the court hold that a receiptor of property attached, who had suffered the property to remain in the hands of the debtor, might at any time retake the property into his own possession. It follows from this decision that the receiptor was entitled to the possession of the property.

Now, our action of replevin, which was in force at the time this suit was instituted, could be maintained by a party who was merely entitled to the possession of property. Rev. Statutes, 1866, page 75. The cases in Massachusetts hold that the plaintiff was thus entitled under his receipt. Hence he came here invested with such right. He, therefore, could enforce his right by any mode of redress known to our law which was applicable to his case.

The defendant further insists, that inasmuch as the plaintiff never had any actual possession of the property under his receipt, but at the request of the defendant suffered the same to pass into the possession of the latter, he thereby lost his right to the possession of the property. The finding on this subject is as follows: "The plaintiff never had any possession

of the property under the receipt or otherwise, but it remained in the sole possession of the defendant after the receipt was executed by the plaintiff, in the same manner as before. The receipt was given by the plaintiff at the request of the defendant." This claim comes with poor grace from the defendant. The property was suffered to pass from the sheriff into the hands of the defendant at his request, for his accommodation, in order that he might enjoy the property during the pendency of the suit, and save the expense attending the keeping of the property during that time. The whole object of giving receipts for property attached is to accomplish this end. Property might as well remain in the custody of the sheriff as to remain in the actual possession of the receiptor. But this claim is unfounded. It would be a reproach to the law if the defendant could succeed in subjecting the plaintiff in damages, because he indulged the defendant at his request to to the extent which he claims. There is nothing in the case tending to show that the plaintiff, when he suffered the property to pass into the hands of the defendant, intended to abandon and did abandon his right to reclaim the possession. He placed the property in the hands of the defendant to be used till he should call for it, just as he might have done in the hands of a third party; and while it remained in his hands, or in the hands of a party with full knowledge of all the facts, it was subject to his call. It is true his right to the possession of the property would be lost if it should pass into the hands of a bonâ fide purchaser, or should be attached while in the defendant's hands; but otherwise his right to the possession would continue. It makes no difference in the case that the property passed directly from the sheriff to the defendant, instead of passing through the plaintiff's hands to him, so long as the property went into the defendant's hands by the permission of the plaintiff. The possession of the property by the defendant under such circumstances was the plaintiff's possession, and the plaintiff was entitled to the actual possession whenever he should require it.

We advise a new trial.

In this opinion the other judges concurred.